IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 16-cr-00054-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**1.    HEATHER CARR,**
2.    TRAMMEL THOMAS,
3.    MERCEDES DIAZ,

        Defendant.

_____

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE 90 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**
_____

        Defendant Heather Carr, by and through undersigned counsel, hereby moves this Court for an Order to exclude 90 days from the Speedy Trial Act computations, and in support thereof, states as follows:

### PROCEDURAL HISTORY

        1.    On February 8, 2016, a twenty-nine-count indictment was filed against Ms. Carr, charging her with Conspiracy to Defraud the Government, Wire Fraud, Mail Fraud, and Aggravated Identity Theft. *See* Doc. No. 1[1].

---

[1] "Doc." Refers to the clerk's docket number.

1

2.      On March 24, 2016, Ms. Carr was arraigned on the indictment and entered a plea of not guilty.  The Court noted on that day that the 70-day date was May 31, 2016. *See* Doc. No. 19. [2] The Court set a motions filing deadline of May 3, 2016 and a Final Trial Preparation Conference for May 24, 2016 and a Jury Trial date of May 31, 2016. *See* Doc. No. 35.

3.      On April 8, 2016, the government tendered to the defense 4 discs of discovery, as well as an index of the documents included in that discovery. The index is a 78-page Excel spreadsheet. The documents tendered so far number over 33,000 pages.

## LAW REGARDING REQUESTS FOR CONTINUANCES

4.      This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."  18 U.S.C. § 3161(h)(7)(B)(i).  An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the

---

[2] The Discovery Conference Memorandum actually indicates a 70-day date of May 3, 2016. However, counsel believes this a typographical error given the 30-day date of April 21, 2016.

exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

5. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

6. Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

7. The ends of justice served by this requested delay outweigh the best interest of the public and the defendant. First, proceeding within the current time

3

requirements would deny counsel for the defendant the reasonable time necessary for effective preparation. The indictment sets forth a complicated scheme to defraud the United States government of student loan disbursements.  The discovery includes thousands of documents, including bank records, school records, Lexis-Nexis search records, and complex documentation of computer file paths. Review of such voluminous discovery – particularly with an eye toward Ms. Carr's specific role in the alleged conspiracy- will require many hours of careful examination. Only after this examination will counsel be prepared to track down potential witnesses, conduct any necessary investigations, and prepare pretrial motions. Further, only after a thorough evaluation of this voluminous evidence and completion of any investigations can defense counsel fully advise Ms. Carr as to her rights, options, and potential strategies.

8. Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

9. First, defense counsel has been diligent in both of her review of the discovery and in the timeliness of this request. Defense counsel has begun review of the discovery and is in the process of a full organization of the types of documents included.  Further, defense counsel has shown diligence in this request by making it nearly six weeks before the scheduled jury trial.

10. Second, it is very likely that this continuance would accomplish the underlying purpose of this request. Excluding 90 days from the requirements of the Speedy Trial Act will allow defense counsel the time to fully review the discovery, but

4

also to evaluate that discovery for potential pre-trial motions issues and the need for further investigation. This type of thorough evaluation is necessary to advise Ms. Carr as to her options and potential strategies for her defense.  This 90-day continuance would allow defense counsel time to accomplish these purposes, all of which are necessary to providing Ms. Carr with full and effective assistance of counsel.

11.     Third, this request will not inconvenience the opposing party or its witnesses. Assistant U.S. Attorney Marty Paluch has indicated that she will not oppose this motion, and has no known issues with witness availability or scheduling. Further, counsels for both co-defendants have indicated their support for this motion and will likely join in this request.

12.     The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result a denial.  The need for the continuance is described throughout this motion.  Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary).  Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and Ms. Carr's right to be effectively represented in these proceedings will be seriously damaged.

## **CONCLUSION**

Wherefore, Ms. Carr respectfully requests this Court for an Order vacating all current deadlines and trial date and excluding 90 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

                                             Respectfully submitted,

                                             VIRGINIA L. GRADY
                                             Federal Public Defender

                                           s/Mary V. Butterton
                                           MARY V. BUTTERTON
                                           Assistant Federal Public Defender
                                           633 17th Street, Suite 1000
                                           Denver, CO  80202
                                           Telephone:  (303) 294-7002
                                           FAX:  (303) 294-1192
                                           Mary.Butterton@fd.org
                                           Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2016, I electronically filed the foregoing

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE 90 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

   Martha A. Paluch, Assistant United States Attorney
   Martha.paluch@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

   Heather Carr (via U.S. Mail)
   Chesapeake, VA  23320


   s/Mary V. Butterton
   Mary V. Butterton
   Assistant Federal Public Defender
   633 17th Street, Suite 1000
   Denver, CO  80202
   Telephone:  (303) 294-7002
   FAX:  (303) 294-1192
   Mary_Butterton@fd.org
   Attorney for Defendant