IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 16-cr-00054-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     HEATHER CARR,

    Defendant.

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PRESENTENCE INVESTIGATION REPORT

Defendant Heather Carr, by and through undersigned counsel, hereby responds to the Presentence Report (PSR) filed November 30, 2017 (Doc. 222).

## OBJECTIONS AFFECTING THE GUIDELINE CALCULATION

Paragraph 45: Ms. Carr objects to the application of USSC §3B1.3 to this case, and the allegation that she abused a position of public or private trust. Because that enhancement does not apply, her correct total offense level is 25, resulting in an advisory guideline range of 57 to 71 months.

    I.    Introduction

United States Sentencing Guideline §3B1.3 imposes a two offense level enhancement "[i]f the defendant abused a position of public or private trust." To impose this enhancement the government must prove: (1) the person occupied a position of trust, and (2) that position was used to facilitate the offense. *United States v. Spear*, 491 F.3d 1150, 1153 (10th Cir. 2007). Ms. Carr

1

contests that the notion the scope of her employment qualifies as a "position of trust" as defined in U.S.S.G. §3B1.3. [1]

II.   Person in a Position of Trust

Two Tenth Circuit cases have examined the abuse of a position of trust enhancement: *United States v. Edwards*, 325 F.3d 1184 (10th Cir. 2003) and *United States v. Spear*, 491 F.3d 1150 (10th Cir. 2007).   In *Edwards*, the defendant worked as an hourly wage employee handling accounts receivable which involved her processing and posting payment credits to customer accounts.  325 F.3d at 1185.  While in this position, Ms. Edwards failed to post certain customer payments and re-routed numerous checks to her boyfriend's bank account.  The 10th Circuit found that despite that facts that Ms. Edwards worked with little to no oversight, had exclusive control over the accounts receivable, the company trusted Ms. Edwards, and she had access to customer's checks and other important records the position of trust enhancement did not apply. The Tenth Circuit concluded that the enhancement is applicable only when the person has "the discretionary authority to grant credits to customers" or "authority to make substantial discretionary judgments regarding company revenues or expenses." *Edwards*, 325 F.3d at 1187.

According to the *Spear* Court, when deciding whether to apply Section 3B1.3, district courts should ask "whether [an employee's] duties gave [the defendant] functional managerial or professional discretion – such as the responsibility to (1) differentiate case-by-case situations, (2) set policies and protocols, (3) diverge from policies and protocols (thereby indicating

---

[1] Ms. Carr notes that this enhancement was not anticipated in the Plea Agreement entered into by the parties (Doc. 94). The Plea Agreement explicitly states that if the parties disagreed with the guideline computation included in that document, the recitation of the anticipated calculation would identify any disputed mattes. Id. at 12. Thus, Ms. Carr does not anticipate that the Government will seek or support this enhancement.

managerial or professional discretion) – or whether her duties were primarily subject to non-discretionary rules (thereby indicating the ministerial or clerical nature of her work)." *Spear*, 491 F.3d at 1157. "The proper standard asks whether [the defendant]'s duties were bounded by predetermined rules and protocols so as to be ministerial or whether she had the substantial freedom in her duties that arises from discretionary authority signifying a position of trust." *Id.* at 1158.

Here, Ms. Carr was employed by Wells Fargo to check the credit scores of customers applying for automobile loans at CarMax locations. She made an hourly wage, working from home. Her independence from a physical bank location and her access to Accurit do not rise to the level of a "position of trust;" as noted by the *Edwards* court, "[o]pportunity and access do not equate to authority, or to the kind of 'substantial discretionary judgment'" required for the § 3B1.3 enhancement. <u>Edwards</u>, 325 F.3d at 1187. Further, it is important to note that the victims of the crime of conviction were not those to whom she owed a duty of trust; unlike a situation of, for example, an attorney stealing from client trust accounts or a caregiver diverting funds from a ward, Ms. Carr did not use her access to defraud her (or her company's) clients. Further, access to Accurint is not a "special skill" as defined by the Guidelines, as it doesn't require substantial education, training, or licensing.

Because this enhancement does not apply, the correct total offense level is 25, resulting in an advisory guideline range of 57 to 71 months.

## OBJECTION TO SUPERVISED RELEASE CONDITION

Special Condition 11: Ms. Carr objects to the special condition requiring that she submit her "person, property, house, residence, vehicles, papers, computers, […] other electronic communications or data storage devices or media or office" to search by the Probation Office. The probation officer asserts that the forgoing financial conditions "would be relatively useless without the ability to monitor the defendant's financial activity via a search condition," yet financial conditions are routinely imposed in this District without an accompanying search condition. The other recommended financial conditions put in place the necessary protections regarding Ms. Carr's financial condition without a probation officer having the right to search her home, her car, or any of her property- after all, under recommended Special Condition 3, she "must provide the probation officer access to any requested financial information and authorize the release of any financial information…" The search condition does nothing to assuage concerns regarding her financial disclosures that Special Condition 3 does not.    The condition is far overbroad, unnecessary, and not narrowly tailored to Ms. Carr's case.

## OBJECTIONS NOT AFFECTING THE GUIDELINE CALCULATION

Paragraph 52: Ms. Carr denies the factual allegations regarding this juvenile conviction. She denies that she was the individual who caused the injuries alleged, but did provide a ride to two women involved in the altercation. At the time she plead guilty to this juvenile offense, she was 17 years old, a runaway, and pregnant with her first child. She notes that she is grateful for the services that were provided to her during the course of her court involvement as she was allowed be legally emancipated, received her GED, and had access to prenatal and medical care.

Paragraphs 66, 68: Ms. Carr's children are now 22, 17, 7, and 3 respectively. Ms. Carr's youngest son, Tru Thomas, was recently diagnosed with autism and requires special schooling. The family currently resides at 3259 Duquesne Drive in Chesapeake, Virginia, and have since July 2016 (she moved at that time from her prior address of 700 Montauk Lane, a fact that can be verified through her supervising probation officer in the Eastern District of Virginia). As of the date of sentencing, Ms. Carr will have moved her children back to Arizona. Her oldest daughter and her husband (who is shortly leaving his service in the United States Navy) have relocated to Arizona and have agreed to take custody of Ms. Carr's youngest children during the term of her incarceration, including the intensive care of Ms. Carr's special needs son.

Additionally, Aubrey Richardson, who resides with Ms. Carr, is not a family friend. She was adopted by Ms. Carr at age 14; now 22, she helps care for her children.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Mary.Butterton@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2017, I electronically filed the foregoing

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PRESENTENCE INVESTIGATION REPORT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Martha A. Paluch, Assistant United States Attorney
    Martha.paluch@usdoj.gov

    Bryan Fields, Assistant United States Attorney
    Bryan.Fields@usdj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Heather Carr (via U.S. Mail and email)
    Chesapeake, VA  23320

                                                   s/Mary V. Butterton
                                                   Mary V. Butterton
                                                   Assistant Federal Public Defender
                                                   633 17th Street, Suite 1000
                                                   Denver, CO  80202
                                                   Telephone:  (303) 294-7002
                                                   FAX:  (303) 294-1192
                                                   Mary_Butterton@fd.org
                                                   Attorney for Defendant