IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 16-cr-00054-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.      HEATHER CARR,

        Defendant.

---

## MOTION FOR VARIANT SENTENCE AND SENTENCING STATEMENT
---

Defendant Heather Carr, by and through undersigned counsel, respectfully moves this court for a sentence of 24 months imprisonment. While a significant variance from the advisory guideline range, the requested sentence is appropriate in light of the sentencing factors of 18 U.S.C. §3553(a).

### Ms. Carr, the Plea Agreement, and §5K1.1

Under the terms of her plea agreement, Ms. Carr pled guilty to Count 1 of the indictment, concurred with the restitution amount as outlined in that document, admitted the forfeiture allegation, agreed to waive certain appellate rights, and agreed not seek a sentence of less than 24 months. Doc. 94. In exchange, the government agreed to dismiss the remaining counts, not file any additional charges, and move for acceptance of responsibility. *Id.* Those obligations have been fulfilled. The Plea Agreement also included language outlining terms of Ms. Carr's cooperation,

1

including that the government anticipated, but by no means promised, filing a motion for downward departure under U.S.S.G. §5K1.1. *Id.* at § D.

The government has indicated that they will not be filing the §5K1.1 motion, as Ms. Carr did not fulfill her obligation to testify against her co-defendant, Mr. Trammell Thomas. Doc. 237. The decision to not file a motion for a reduction under §5K filing is well within the government's discretion, as well-documented in the Plea Agreement; certainly, that decision is expected after Ms. Carr's choice to not testify. But the government goes on to assert that Ms. Carr "put a major federal prosecution at risk and should be punished to the full extent allowed by the plea agreement…" Doc. 237 at 2. This argument is flawed for several reasons.

First, any "risk" that the prosecution faced because of Ms. Carr's decision to not testify could have been easily mitigated if a subpoena had been issued for her to appear. She was not subpoenaed; she had no legal obligation to appear in court, despite the ease by which the government could have obtained a subpoena. Second, the "risk" was evidently small, as the government indicted Mr. Thomas well before Ms. Carr's cooperation and secured a conviction against him without her testimony. *See* Doc. 233.

Further, increased punishment by this Court is not an appropriate remedy for Ms. Carr's failure to testify. The government's remedy for Ms. Carr's failure to testify is delineated in the plea agreement: they are not obligated to file the anticipated §5K1.1 motion. While Ms. Carr may have inconvenienced the government, she was under no obligation to the Court to testify; she violated no court order nor did she violate any term of her bond. Secondly, even if the Court viewed her lack of testimony negatively, increased punishment is inappropriate as her testimony was not

the full scope of her cooperation. Ms. Carr provided extensive information to the government that lead to a superseding indictment implicating a fourth co-defendant, and subsequently that co-defendant's conviction. *See* Docs. 131, 178. While the government's decision to not move for a §5K1.1 reduction is well within their rights, this Court may consider her cooperation when crafting an appropriate sentence under 18 U.S.C. §3553(a). See *United States v. Doe*, 398 F.3rd 1254 (10th Cir. 2005) ("[A] a defendant's assistance should be fully considered by a district court at sentencing even if that assistance is not presented to the court in the form of a § 5K1.1 motion.")

### Ms. Carr's , Her History, and This Case

Ms. Carr is a 40-year-old single parent with virtually no criminal history. At 17, she was on the streets and pregnant; she pulled herself out of the terrible circumstances of her childhood and youth to obtain a GED, attend some college, and acquire a good job at Wells Fargo. She has single-handedly raised four children, including her youngest, Tru, who is autistic and requires intensive care. At the time of her actions in this case, she had a good job and afforded much freedom. Ms. Carr wanted to provide a better lifestyle for her children than she was ever afforded; that desire drove her to participate in this scheme, and in doing so she risked (and lost) the career that she worked so hard to attain. Since her arrest on this case, she has worked to keep her family afloat, starting her own business and working as driver for Uber.

### The Requested Sentence and Statutory Factors

A 24-month sentence is sufficient, but not greater than necessary. Two years in prison reflects the seriousness of this case, particularly for a person who has no background and has never been incarcerated before. This sentence will remove Ms. Carr from her young children for a

significant portion of their lives; this separation will be horribly difficult for their family but is a just punishment for her actions. A two-year period of incarceration, for someone who has never been on the "inside," will have a jarring effect. Further, the sentence will deter Ms. Carr from further criminal conduct. In their 2016 study on Recidivism and Federal Sentencing Policy, the U.S. Sentencing Commission found that not only are fraud offenders the least likely to reoffend, but those in Criminal History Category I had an only 14% reincarceration rate.[1] Many of the usual risks of recidivism in a criminal case- substance abuse, mental health issues, lack of a stable support system- simply aren't present in Ms. Carr's life.

However, for the rest of her life, Ms. Carr will be a felon. The collateral consequences of a felony conviction- especially on a person who, at 40 years old, had a clean record- will be harsh. She will almost certainly never be able to work in a bank or financial institution again, thus unable to use those skills that she honed for many years. She will further lose her Second Amendment right to bear arms, loss of the ability to vote and/or serve on a jury, and lose access to many kinds of subsidized housing options.

### Conclusion

Ms. Carr has admitted her guilt in this case and taken responsibility for her actions. Her history and characteristics, as well as the statutory sentencing factors, all suggest that a guideline sentence is greater than necessary in this case. A sentence of 24 months incarceration is just

---

[1] Recidivism & Federal Sentencing Policy: Report at a Glance (March 2016), Accessed at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/backgrounders/RG-recidivism-overview.pdf  on December 20, 2017.

punishment for her actions, affords deterrence to criminal conduct, and is a proper application of the factors in 18 U.S.C. §3553(a).

        Respectfully submitted,

        VIRGINIA L. GRADY
        Federal Public Defender


        s/Mary V. Butterton
        MARY V. BUTTERTON
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        Mary.Butterton@fd.org
        Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2017, I electronically filed the foregoing

**DEFENDANT'S MOTION FOR VARIANT SENTENCE
AND SENTENCING STATEMENT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Martha A. Paluch, Assistant United States Attorney
    Martha.paluch@usdoj.gov

    Bryan Fields, Assistant United States Attorney
    Bryan.Fields@usdj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Heather Carr (via U.S. Mail and email)
    Chesapeake, VA  23320

    s/Mary V. Butterton
    Mary V. Butterton
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Mary_Butterton@fd.org
    Attorney for Defendant