IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

_____

Courtroom Deputy:  Deborah Hansen      Date:  January 4, 2018
Court Reporter: Mary George            Probation:  Matthew Gill
                                       Time: 1 hour and 26 minutes

_____

Criminal Action No.  16-cr-00054-WJM      *Counsel:*

UNITED STATES OF AMERICA,               Martha Paluch
                                        Bryan Fields
         Plaintiff,

v.

1.  HEATHER CARR,                       Mary Butterton

         Defendant.
_____

**COURTROOM MINUTES**
_____

HEARING - SENTENCING

02:00 p.m.    Court in Session

Appearances

Defendant is present and on bond.

Oath administered to the defendant.

Sentencing Statement by Ms. Paluch

Sentencing Statement by Ms. Butterton

The Court addresses the objections to the Presentence Investigation Report and enters rulings on the record.

**ORDERED:** The Government's Motion To Grant The Defendant An Additional One-Level Decrease Pursuant TO U.S.S.G § 3E1.1(b) [239] is GRANTED.

**ORDERED:** The Government's Motion To Dismiss Counts With Prejudice [238] is GRANTED.  Counts 2 through 29 of the Indictment are dismissed as to this defendant only.

The Court addresses the Defendant's Motion For Variant Sentence And Sentencing Statement [247].

Argument/Discussion

Defendant's Allocution

**ORDERED:** The Defendant's Motion For Variant Sentence And Sentencing Statement [247] is DENIED.

---

Defendant plead guilty to Count One of the Indictment and admitted to the forfeiture allegation on December 5, 2016.

---

**ORDERED:** Pursuant to the Sentencing Reform Act of 1984, it is the Judgment of this Court that the defendant, Heather Carr, is committed to the custody of the Bureau of Prisons to be imprisoned for a term of 57 months.

The Court also recommends that the defendant be incarcerated at a facility appropriate to his security designation located within the District of Arizona.

**ORDERED:** Upon release from imprisonment, the defendant shall be placed on Supervised Release for a term of three years.

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and shall comply with the standard conditions that have been adopted by this Court in District of Colorado General Order 2016-1.

The defendant shall not unlawfully possess and she shall refrain from unlawfully using a controlled substance. The Court waives the mandatory drug testing provisions of § 3563(a)(5), because the Report indicates a low risk of future substance abuse by the defendant.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

**ORDERED:**   Special conditions of Supervision:

1.   The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the court's judgment and sentence.

2.   As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation in this case.

3.   The defendant must provide the probation officer access to any requested financial information and authorize the release of any financial information until all financial obligations imposed by the Court are paid in full.

4.   If the defendant has an outstanding financial obligation, the probation office may share any financial or employment documentation relevant to the defendant with the Asset Recovery Division of the United States Attorney's Office to assist in the collection of the obligation.

5.   The defendant shall document all income or compensation generated or received from any source and provide such information to the probation officer as requested.

6.   The defendant shall not cause or induce anyone to conduct any financial transaction on her behalf or maintain funds on her behalf.

7.   The defendant may not engage in an occupation, business, profession or volunteer activity that would require or enable the defendant to obtain personally identifying information of customers or other employees without the prior approval of the probation officer.

8.   The defendant shall not engage in any business activity unless that activity is approved by the probation officer.  Any approved business activity must operate under a formal, registered entity. For any approved business activity, the defendant shall provide the probation officer with the names of all business entities and their registered agents.

The defendant shall not register any new business entity, foreign or domestic, without the approval of the probation officer. The defendant shall not cause or induce others to register business entities on her behalf. For any approved business activity, the defendant shall maintain business records. The defendant shall provide all requested documentation and records to the probation officer regarding any of her business activities as requested by the probation officer.

9.      The defendant shall maintain separate personal and business finances and shall not co-mingle personal and business funds or income in any financial accounts, including but not limited to bank accounts and lines of credit.

10.     The defendant shall submit her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to such search may be grounds for revocation of Supervised Release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An Officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his Supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

**ORDERED:**  The defendant is ordered to make Restitution in the total amount of $562,487.85 in the amount and to the individual victims as set forth in the table found at Paragraph 93 of the Final Presentence Investigation Report (ECF No. 250).

Interest on the Restitution amount is waived.

**ORDERED:**  The defendant shall pay a Special Assessment of $100, which shall be due and payable immediately.

**ORDERED:**  The Court finds that the defendant does not have the ability to pay a fine in light of the Restitution obligation imposed by this Judgment. Therefore, any fine is waived.

**ORDERED:**   The Special Assessment and Restitution obligations are due immediately. Any unpaid Restitution balance upon release from incarceration shall be paid in monthly installment payments during the term of Supervised Release of not less than 10% of the defendant's gross household monthly income.

Within 15 days of release from custody, the defendant shall meet with the probation officer to develop a plan for the payment of the unpaid portion of her financial obligations under the court's judgment. This plan will be based upon the defendant's income and expenses. The Plan will be forwarded to the Court for review and approval.

The Court addresses voluntary surrender.

Statement by Ms. Butterton

Statement by Ms. Paluch

The Government does not object to voluntary surrender.

The Court finds by clear and convincing evidence that the defendant's conditions of release reasonably assure that she will not flee or pose a danger to the safety of any other person or the community.  It is therefore,

**ORDERED that the defendant, Heather Carr, surrender at the institution designated by the Bureau of Prisons on February 8th, 2018, at 12:00 noon.  In the interim, the defendant's bond is continued and all conditions set forth in the Magistrate Judge's Order Setting Conditions Of Release shall continue to apply**

Defendant advised of her right to appeal.

03:26 p.m.    Court in Recess
              Hearing concluded