**ATTACHMENT A**

1

1          IN THE UNITED STATES DISTRICT COURT.

2              FOR THE DISTRICT OF COLORADO

3     Criminal Action No. 16-cr-0054-WJM-1

4     UNITED STATES OF AMERICA,

5     Plaintiff,

6     vs.

7     HEATHER CARR,

8     Defendant.

9     ------------------------------------------------------------

10                   REPORTER'S TRANSCRIPT
                      (Change of Plea)

11    ------------------------------------------------------------

12

13         Proceedings before the HONORABLE WILLIAM J. MARTINEZ,

14    Judge, United States District Court for the District of

15    Colorado, commencing at 1:51 p.m., on the 5th day of

16    December, 2016, in Courtroom A801, United States

17    Courthouse, Denver, Colorado.

18                        APPEARANCES

19         MARTHA A. PALUCH, Assistant U.S. Attorney, 1801

20    California Street, Suite 1600, Denver, Colorado 80202,
      appearing for the plaintiff.

21         MARY BUTTERTON, Office of the Federal Public Defender,

22    633 Seventeenth Street, Suite 1000, Denver, Colorado 80202,
      appearing for the defendant.

23

24              MARY J. GEORGE, FCRR, CRR, RMR
               901 19th Street, Denver, Colorado 80294

25         Proceedings Reported by Mechanical Stenography
              Transcription Produced via Computer

1            P R O C E E D I N G S

2            (Call to order of the court at 1:51 p.m.)

3            THE COURT:  We're on the record in criminal case

4    No. 16 cr 54, defendant No. 1, United States of America

5    versus Heather Carr.

6            I'll take appearances of counsel.

7            MS. PALUCH:  Good afternoon, Your Honor.  Martha

8    Paluch, appearing on behalf of the United States.  With me

9    at counsel table is Special Agent Sandra Ennis.

10            THE COURT:  Good afternoon.

11            MS. BUTTERTON:  Good afternoon, Your Honor.  Mary

12    Butterton on behalf of Ms. Carr.  She joins me at counsel

13    table, she's currently on bond, and is to my left.

14            THE COURT:  All right.  Good afternoon to the two

15    of you.  All right.  Ms. Butterton, will you and your

16    client please approach the lectern.

17            Ms. Hansen, please administer the oath to the

18    defendant.

19            COURTROOM DEPUTY:  Please raise your right hand.

20        (Defendant sworn in)

21            THE COURT:  All right.  Before we get going on

22    this, I want -- Ms. Paluch, let me ask you, Ms. Hansen told

23    me something about a discussion of a fourth defendant in

24    this case.

25            MS. PALUCH:  There is that possibility, Your

1       Honor, but it would not be a superseding indictment, it

2       would be a separate indictment.

3                THE COURT:  Separate indictment.

4                MS. PALUCH:  Correct.

5                THE COURT:  But in this case as opposed to a

6       separate case.

7                MS. PALUCH:  Correct.

8                THE COURT:  Okay.  All right.  Is that something

9       we can expect soon?

10                MS. PALUCH:  Relatively speaking.

11                THE COURT:  Okay.

12                MS. PALUCH:  Yeah.

13                THE COURT:  Thank you.  All right.  The record

14      reflects that Ms. Carr was charged by an indictment dated

15      the 8th of February of this year.  She was arraigned on the

16      24th of March of this year at which time she entered a plea

17      of not guilty to Count 1, and she denied the criminal

18      forfeiture allegation in the indictment.

19                On the 10th of November of this year, the

20      defendant filed with this Court a notice of disposition and

21      she requested that this matter be set for a change of plea

22      hearing.  According to the plea agreement reached between

23      the parties, the defendant wishes to enter a guilty plea to

24      Count 1 of the indictment charging a violation of 18 United

25      States Code Section 286.  In addition, the defendant agrees

4

1    to admit the forfeiture allegation in the indictment and

2    confess forfeiture of all items the Government has in its

3    possession and as to which she could make any claim.

4            I have before me the plea agreement of the parties

5    which is Court Exhibit 1.  The plea agreement has been

6    dated and signed by the defendant, the defendant's

7    attorney, as well as the Assistant United States Attorney.

8            Also before me is Court Exhibit 2, the Statement

9    by Defendant in Advance of Plea of Guilty.  Exhibit 2 has

10   been dated and signed by the defendant as well as her

11   attorney.

12           All right.  Ms. Carr, do you understand that you

13   are under oath and that if you answer any of my questions

14   falsely, your answers may later be used against you in a

15   separate prosecution for perjury?

16           THE DEFENDANT:  Yes, sir.

17           THE COURT:  Do you understand you have the right

18   to remain silent and not to answer any of my questions?

19           THE DEFENDANT:  Yeah.

20           THE COURT:  Do you give up your right to remain

21   silent in order to answer the questions I need to ask you

22   at this hearing?

23           THE DEFENDANT:  Yes, sir.

24           THE COURT:  What is your true, correct, and full

25   name?

1           THE DEFENDANT:  Heather Elizabeth Carr.

2           THE COURT:  How old are you?

3           THE DEFENDANT:  39.

4           THE COURT:  What level of schooling have you

5    completed?

6           THE DEFENDANT:  GED and some college.

7           THE COURT:  All right.  Can you read and write in

8    the English language?

9           THE DEFENDANT:  Yes, sir.

10          THE COURT:  Are you now under the influence of any

11   medication, drug, or alcohol?

12          THE DEFENDANT:  No.

13          THE COURT:  Is there anything about the way you

14   feel right now that prevents you from understanding what's

15   happening at this hearing?

16          THE DEFENDANT:  No, Your Honor.

17          THE COURT:  All right.  Based on the statements of

18   the defendant and my observations, I find she is competent

19   to proceed with this hearing.

20          Now, Ms. Carr, have you read and discussed the

21   charge to which you will be pleading guilty with your

22   lawyer?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Do you understand the charge to which

25   you will be pleading guilty?

1          THE DEFENDANT:  Yes, I do.

2          THE COURT:  All right.  Ms. Butterton, will you

3    please outline for the record your understanding of the

4    important terms of the plea agreement.

5          MS. BUTTERTON:  Yes, Your Honor.  In exchange for

6    Ms. Carr to plead guilty to Count 1 of the indictment, as

7    well as to a limited appellate waiver, she is also agreeing

8    to an amount of restitution which is capped by a number in

9    the plea agreement; somewhere in the neighborhood of

10   $562,000.  She is also agreeing to admit the forfeiture

11   allegation.

12         Finally -- and she is seeking -- we're agreeing to

13   not seek a term of imprisonment less than 24 months.  In

14   exchange for these concessions and the plea of guilty, the

15   United States has agreed to move for -- move at sentencing

16   for dismissal of the remaining counts against Ms. Carr.

17         THE COURT:  All right.

18         MS. BUTTERTON:  They also agree to not file any

19   additional charges in the District of Colorado based on

20   information they currently know.  They will request the

21   maximum reduction for acceptance of responsibility, which

22   at this point is anticipated to be three levels, provided

23   of course she does not engage in anything that would

24   prevent that --

25         THE COURT:  Okay.

1           MS. BUTTERTON:  -- under the guidelines.  And

2      there is an agreement with respect to cooperation, the

3      amount of which is undetermined at this time.

4           THE COURT:  The restitution amount is joint and

5      several with the codefendants?

6           MS. BUTTERTON:  It is, Your Honor.

7           THE COURT:  All right.  One second.

8           MS. BUTTERTON:  And I believe it's on page -- one

9      moment.  Let's see.  I know it's on page 14, and I think

10     it's probably -- and, yes, the very top of page 2.  The

11     amount is 562,487.85.

12          THE COURT:  Okay.  First, Ms. Paluch, let me ask

13     you:  Do you have anything to add to counsel's summary?

14          MS. PALUCH:  No, I do not, Your Honor.

15          THE COURT:  All right, while you're up --

16          MS. PALUCH:  Yes, sir.

17          THE COURT:  -- let me ask you the next question.

18     With this imminent indictment of a fourth defendant, are we

19     going to be seeing motions to delay sentencing hearing

20     anticipating cooperation agreements post-trial of the

21     fourth defendant?

22          MS. PALUCH:  It is possible, Your Honor.  And we

23     have anticipated that and included language in the plea

24     agreement to encompass a continuance if the Court agrees to

25     that.  There is the chance that that matter could be

1    resolved prior to the April 28th sentencing date that we

2    received in this case.

3              THE COURT:  All right.  This is the first

4    defendant that has gone to change of plea; is that correct?

5              MS. PALUCH:  No, Your Honor.  Ms. Diaz has pled

6    guilty.

7              THE COURT:  Oh, okay.  What did we do with her

8    sentencing hearing?

9              MS. PALUCH:  Well, her sentencing is January 18th,

10   I believe, but she is -- does not have a cooperation

11   agreement with the Government.

12             THE COURT:  All right.  So this is the only

13   defendant you anticipate --

14             MS. PALUCH:  As far as a cooperation agreement --

15             THE COURT:  Yeah.

16             MS. PALUCH:  -- that is correct.

17             THE COURT:  So it won't affect --

18             MS. PALUCH:  Mr. Thomas, who's scheduled to be

19   before you on December 28th.

20             THE COURT:  All right.  Thank you for that.

21             All right, Ms. Carr, back to you.  Have you read

22   Court Exhibits 1 and 2?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Have you discussed these documents

25   with your lawyer?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Has your lawyer answered your

3    questions regarding Exhibits 1 and 2?

4          THE DEFENDANT:  Yes.

5          THE COURT:  When you signed Exhibits 1 and 2, did

6    you do so voluntarily?

7          THE DEFENDANT:  Yes.

8          THE COURT:  All right.  Please look at your plea

9    agreement, Exhibit 1, specifically the stipulation of facts

10   that begin on page 8 and continue through page 11.  And you

11   just told me you reviewed this document before, before you

12   signed it, so this shouldn't take you too long, but I'd

13   like you to quickly review to yourself those stipulated

14   facts on those pages and let me know when you're done.

15         THE DEFENDANT:  I've read this several --

16         THE COURT:  Severals times?  So you're comfortable

17   you know what's on --

18         THE DEFENDANT:  I'm very comfortable, yeah.

19         THE COURT:  All right.  I'll take your

20   representation on that.  Now, ma'am, these are the facts

21   the Government believes it could prove at trial.  By

22   entering into this plea agreement, you're admitting these

23   facts and I will treat them as true for purposes of

24   considering your plea and for purposes of sentencing.

25   That's why I wanted to make sure you know exactly what is

1    in here.  So do you agree that the facts that are on page 8

2    through 11 of your plea agreement are true?

3              THE DEFENDANT:  Yes, they are, sir.

4              THE COURT:  Is there any inaccuracy in these facts

5    you'd like to correct at this time?

6              THE DEFENDANT:  No.

7              THE COURT:  All right.  Now, in your own words, I

8    need you to tell me what you did with respect to the count

9    you're pleading guilty to.

10             THE DEFENDANT:  I conspired with my codefendants

11   to obtain financial aid --

12             THE COURT:  Can you pull the mike closer to you.

13   Your --

14             THE DEFENDANT:  Sorry.

15             THE COURT:  Yeah.

16             THE DEFENDANT:  I conspired with my codefendants

17   to get -- submit FAFSAs and get financial aid for people

18   that were in prison.

19             THE COURT:  So FAFSAs, I know very well what that

20   acronym is for, but that's the financial aid for college

21   tuition for families, right?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  F-A-F-S-A.

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  All right.  So you with -- in

1    conspiracy with your codefendants, you filled out these

2    FAFSA applications, making fraudulent representations on

3    those applications?

4            THE DEFENDANT:  Yes, sir.

5            THE COURT:  All right.  And you did so knowingly

6    and voluntarily?

7            THE DEFENDANT:  Yes, sir.

8            THE COURT:  And what was your intent doing this?

9            THE DEFENDANT:  To receive financial aid.

10           THE COURT:  To receive the monies?

11           THE DEFENDANT:  Yes.

12           THE COURT:  All right.  Did you use the identity

13   of any known persons while doing this?

14           THE DEFENDANT:  From -- yes.  From the -- I didn't

15   know them, but I --

16           THE COURT:  But the -- in other words, to the

17   extent you used Social Security numbers, you didn't just

18   make up numbers, you used numbers of actual real human

19   beings --

20           THE DEFENDANT:  Correct.

21           THE COURT:  -- real American residents?

22           THE DEFENDANT:  Yes, sir.

23           THE COURT:  All right.  I take it the Government's

24   taken that into account when you came to your agreement

25   here?

1          MS. PALUCH:  We did, Your Honor.

2          THE COURT:  All right.  Because on the -- the

3    reason I'm making -- I'm asking this and making an issue of

4    it is this is an issue that comes up a lot in unlawful

5    reentry cases and it's a significant point to me whether

6    someone has adopted and appropriated the identity of

7    another person as opposed to just creating a number, so put

8    that out there.

9          MS. BUTTERTON:  Your Honor, I apologize, I would

10   add we did anticipate that in the plea agreement and the

11   appropriate guideline calculation that accompanies that.

12         THE COURT:  All right.  Okay.  Counsel, for the

13   factual basis, may the Court rely on the stipulated facts

14   in the plea agreement?

15         MS. PALUCH:  Your Honor, I believe so by her

16   stating that she conspired, but given the Tenth Circuit's

17   emphasis on interdependence, if we could just address her

18   reliance or dependence upon the codefendants in order to

19   achieve the objective of the conspiracy.

20         THE COURT:  All right.  You just heard the

21   prosecutor and what she said.  Do you agree that you had

22   that level of interdependence and cooperation with your

23   codefendants and taking the conspiracy to the steps that

24   you did?

25         THE DEFENDANT:  Yes, sir.  I couldn't do it alone

1   so I did conspire with them.

2                THE COURT:  I didn't hear that first part.

3                THE DEFENDANT:  I'm sorry.  I couldn't do it alone

4   so I did conspire with them.

5                THE COURT:  All right.  Is that satisfactory?

6                MS. PALUCH:  It is, Your Honor.  Thank you.

7                THE COURT:  All right.  And so your answer to my

8   question is?  May the Court rely on the stipulated facts --

9                MS. PALUCH:  Yes, Your Honor.

10               THE COURT:  -- for the factual basis?  Okay.  Ms.

11  Butterton?

12               MS. BUTTERTON:  Yes, Your Honor.

13               THE COURT:  All right.  Thank you.  All right.

14  Ms. Carr, I'm advising you you have the following

15  constitutional rights you will be giving up if you plead

16  guilty.  You have the right to plead not guilty to any

17  offense charged against you.

18               You have the right to a speedy and public trial.

19  You have the right to a trial by jury of 12 persons whose

20  verdict must be unanimous.  At trial you'd be presumed

21  innocent and the Government would have to prove your guilt

22  beyond a reasonable doubt.

23               You have the right to the assistance of legal

24  counsel for your defense throughout these proceedings even

25  if you do not enter a plea of guilty.  You have the right

1    with your lawyer to confront and cross-examine all

2    witnesses at trial and to challenge all evidence presented

3    against you.

4         At trial, you'd have the right to have witnesses

5    subpoenaed and compelled to come into court to testify on

6    your behalf.  At trial, you have the right to testify

7    yourself on your own behalf but you also have the privilege

8    against self-incrimination; that means you have the right

9    not to testify or incriminate yourself in any way.

10        By pleading guilty, you're giving up that right

11   and you are incriminating yourself.  If you went to trial

12   and were convicted, you'd have the right to appeal both

13   your conviction and your sentence.  Now, do you understand

14   these rights?

15             THE DEFENDANT:  I do, sir.

16             THE COURT:  Do you understand that if your plea is

17   accepted, you will be incriminating yourself, you will be

18   giving up your right to a jury trial, and most of the other

19   rights I've just described?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  Do you give up those rights?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  All right.  Ms. Butterton, will you

24   please state for the record the scope of your client's

25   limited waiver of her appellate and collateral challenge

1    rights.

2            MS. BUTTERTON:  Yes, Your Honor.  Ms. Carr agrees

3    to waive her appellate rights in terms of sentencing with

4    certain exceptions:  Of course if the Court would sentence

5    her outside the maximum penalty under the statute, she

6    would be released from such a waiver.  Similarly she would

7    be released if the Court sentences her above a total

8    offense level of 23.  And, finally, if the Government

9    appeals, she would be released from that waiver.

10           Similarly, she also waives the right to challenge

11   her sentence on any collateral basis with the exception of

12   explicitly retroactive changes in the law, both either the

13   guidelines or the sentencing statute; if she was the -- to

14   suffer ineffective assistance of counsel; or was prejudiced

15   by prosecutorial misconduct.

16           Outside of those, I guess, three standard and

17   three collateral exceptions, she has agreed to waive her

18   right to appeal the sentence.

19           THE COURT:  All right.  Ms. Carr, let me ask you:

20   Do you understand and do you agree to the limitations

21   contained in your plea agreement on your right to appeal

22   the sentence I will impose in this case or the manner in

23   which I will determine it?

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  Do you understand and do you agree to

1    the limitations contained in your plea agreement on your

2    right to appeal or challenge this prosecution or your

3    conviction?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  All right.  All right, Ms. Paluch,

6    will you please inform the defendant of the charge to which

7    she will be pleading guilty.  Please state the elements of

8    the charge, the maximum sentence, and maximum fine.

9              MS. PALUCH:  Yes, sir.  Pursuant to the terms of

10   the plea agreement, the defendant has agreed to plead

11   guilty to Count 1 which charges a conspiracy to defraud the

12   Government with respect to claims in violation of Title 18

13   United States Code Section 286.

14             To prove this, the elements of this offense are:

15   First, that the defendant agreed with at least one other

16   person to obtain or aid in obtaining the payment or

17   allowance of any false, fictitious or fraudulent claim;

18   second, the defendant knew the essential objective of the

19   conspiracy; third, the defendant knowingly and voluntarily

20   participated; and, fourth, there was interdependence among

21   the members of the conspiracy, that is, the members in some

22   way or manner intended to act together for their shared

23   mutual benefit within the scope of the conspiracy charged.

24             The statutory penalties for this offense are as

25   follows:  The maximum statutory penalty for a conviction of

```
1    this offense is not more than 10 years of imprisonment, a

2    fine of not more than $250,000, or both; not more than

3    three years of supervised release; and a $100 special

4    assessment fee.

5         If probation or supervised release is imposed, a

6    violation of any condition or -- of probation or supervised

7    release may result in a separate prison sentence and

8    additional supervision.  In addition, as stated earlier,

9    there is a forfeiture allegation contained as well to which

10   the defendant has agreed to admit.

11        THE COURT:  All right.  Thank you.

12        Ms. Carr, do you understand the consequences of

13   your plea, including the maximum sentence that can be

14   imposed upon you in this case?

15        THE DEFENDANT:  Yes, sir.

16        THE COURT:  Ms. Butterton, what is the estimated

17   sentencing range you believe applies under the guidelines?

18        MS. BUTTERTON:  Without going through -- I can

19   certainly go through the entire calculation, but I believe

20   that the total offense level will result in an offense

21   level of 23.  With Criminal History Category of I, it is

22   anticipated at this time the advisory sentencing guideline

23   range would be 46 to 57 months.

24        THE COURT:  All right.  Let's see here.

25        All right.  And your agreement is to not seek a
```

1    sentence below 24 months?

2              MS. BUTTERTON:  That is correct, Your Honor.  And,

3    of course, the 46 to 57 is before any sort of motion by the

4    Government with regard to Ms. Carr's cooperation.

5              THE COURT:  Yeah, I understand.  All right.  Ms.

6    Carr, do you understand that I can impose a sentence that

7    is more severe or less severe than that set forth in your

8    plea agreement?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  Do you understand that if your -- even

11   if you're disappointed with the sentence that I do impose,

12   that will not be a basis for you to withdraw your guilty

13   plea?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  Do you understand that if you are sent

16   to prison -- well, you will be sent to prison because you

17   agreed not to seek a sentence below 24 months, so let me

18   rephrase this.

19             Do you understand that when you are released from

20   prison, some of the conditions of your release to which you

21   may be subject include that you may not commit any new

22   federal, state or local crime and you may not possess any

23   illegal substances?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  Do you understand that if you violate

19

1     any conditions of supervised release, you may be returned

2     to prison for all or part of the remaining term of

3     supervised release?

4               THE DEFENDANT:  Yes, sir.

5               THE COURT:  Are you presently on parole,

6     probation, or supervised release as the result of the

7     conviction of any other crime?

8               THE DEFENDANT:  No.

9               THE COURT:  Do you understand that you're pleading

10    guilty today to a felony offense?

11              THE DEFENDANT:  I do.

12              THE COURT:  You think you do, or you do?

13              THE DEFENDANT:  No, I do.  I understand that.

14              THE COURT:  Do you understand a conviction of a

15    felony offense may deprive you of certain civil rights,

16    including the right to possess a firearm, the right to

17    vote, the right to hold public office, and the right to

18    serve on a jury?

19              THE DEFENDANT:  Yes, sir.

20              THE COURT:  Do you understand that in the federal

21    system, parole has been abolished and although you may earn

22    good time depending on your behavior, you will not be

23    released on parole?

24              THE DEFENDANT:  Yes, sir.

25              THE COURT:  Has anyone threatened you or your

20

1    family in order to force you to plead guilty in this case?

2              THE DEFENDANT:  No, sir.

3              THE COURT:  Are you satisfied with the

4    representation your attorney has provided to you?

5              THE DEFENDANT:  Absolutely.

6              THE COURT:  That's good to hear.  Have you

7    understood everything that I have told you or asked of you

8    today?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  Having in mind all that we have

11   discussed regarding your plea of guilty, your rights you

12   will be giving up, and the maximum sentence you may

13   receive, do you still wish to plead guilty?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  Other than re-arraigning the

16   defendant, do counsel agree the Court has complied with the

17   requirements of Rule 11?

18             MS. PALUCH:  We do, Your Honor.

19             MS. BUTTERTON:  Yes, Your Honor.

20             THE COURT:  Thank you, counsel.  Defendant's plea

21   of not guilty as to Count 1 of the indictment and her

22   denial of the criminal forfeiture allegation are withdrawn.

23             Ms. Paluch, will you please re-arraign the

24   defendant.

25             MS. PALUCH:  Yes, Your Honor.  On February 8th,

1    2016, a grand jury, sitting in the United States District

2    Court for the District of Colorado, returned a 29-count

3    indictment, including a forfeiture allegation, charging

4    three individuals, the first of which is Heather Carr.

5              Ma'am, are you Heather Carr?

6              THE DEFENDANT:  Yes.

7              MS. PALUCH:  As to Count 1 of that indictment,

8    which charges a conspiracy to defraud the Government with

9    respect to claims in violation of Title 18 United States

10   Code Section 286, how do you plead?

11             THE DEFENDANT:  Guilty.

12             MS. PALUCH:  There is also a forfeiture allegation

13   contained in this indictment found on pages 10 through 13.

14   To that forfeiture allegation, ma'am, do you admit or deny

15   that allegation?

16             THE DEFENDANT:  I admit.

17             THE COURT:  Thank you, Ms. Paluch.  The Court

18   makes the following findings of fact and conclusions of

19   law:

20             In the matter of the United States of America

21   versus Heather Carr, case No. 16 cr 054, defendant No. 1,

22   the defendant's fully competent of entering an informed

23   plea and she's aware of the nature of the charge and the

24   consequences of that plea.

25             The defendant has thoroughly discussed her plea

1    agreement with her attorney.  The defendant has been

2    represented throughout the course of this case by competent

3    counsel with whom she has no objection or complaint.  The

4    defendant -- the defendant has read and she understands

5    each term of her plea agreement, including her limited

6    waiver of appeal and collateral challenge rights.  The

7    defendant has knowingly and voluntarily signed Court

8    Exhibits 1 and 2.

9         The defendant has knowingly and voluntarily

10   entered a plea of guilty to Count 1 of the indictment and

11   she has admitted the forfeiture allegation in that

12   indictment with a full understanding of the factual basis

13   and essential elements of the charge.

14        The defendant's guilty plea is not the result of

15   mistake or coercion.  The defendant's guilty plea is not

16   the result of any representations or promises made to her

17   by anyone except as to those matters disclosed in open

18   court or included in her plea agreement.  The defendant

19   understands each of her legal rights in this case.  The

20   defendant understands that the Court is not bound by any

21   sentence recommended in the plea agreement and that if the

22   Court does not follow any such recommendation, the

23   defendant may not withdraw her guilty plea.

24        The defendant understands the maximum sentence of

25   imprisonment, maximum fine, and terms of supervised release

1    the Court may impose under the terms of her plea agreement.

2    And the plea is supported by an independent factual basis

3    containing each of the essential elements of the offense.

4              It is therefore ordered that Court Exhibits 1 and

5    2 are accepted and admitted.  The plea as made in open

6    court today is accepted and the defendant is adjudged

7    guilty of violating 18 United States Code Section 286.  And

8    she has, as well, admitted the forfeiture allegation in the

9    indictment.

10             Sentencing hearing is hereby set for April 28th,

11   2017, at 10:30 a.m.

12             Previously at ECF 91, I entered an order directing

13   counsel to be prepared to discuss the application of

14   Section 3143 to this defendant.  Ms. Paluch.

15             MS. PALUCH:  Yes, Your Honor.  The defendant

16   resides in Virginia and she has made every court

17   appearance.  We have no basis to ask the Court to revoke

18   her bond and would agree that she should remain free on

19   bond pending sentencing.

20             THE COURT:  All right.  Ms. Butterton, do you wish

21   to be heard on this?

22             MS. BUTTERTON:  Only to re-emphasize that Ms. Carr

23   has been on bond for quite some time, with no violations

24   and no issues of any kind.  She's flown out with her own

25   expense for this hearing as well as meetings with me, and I

24

1    just don't believe that she is any kind of flight risk or

2    danger of the community of any kind.

3            THE COURT:  All right.  I've reviewed the pretrial

4    services and release status report from the probation

5    office and I find by clear and convincing evidence that the

6    defendant's conditions of release reasonably assure that

7    she will not flee nor does she pose a danger to the safety

8    of the community.  I will therefore permit the defendant to

9    remain free on bond subject to the same conditions of

10   release as the conditions set forth in the order setting

11   conditions of release entered by the magistrate judge.

12           All right.  Is there anything further from the

13   Government at this time?

14           MS. PALUCH:  No, Your Honor.  Thank you.

15           THE COURT:  Thank you.  Anything further from the

16   defendant?

17           MS. BUTTERTON:  No, Your Honor.  Thank you.

18           THE COURT:  Thank you, that will be all.

19           THE DEFENDANT:  Thank you.

20           (Proceedings concluded at 2:16 p.m.)

21                  *     *     *     *     *

22                  REPORTER'S CERTIFICATE

23

24       I certify that the foregoing is a correct transcript

25   from the record of proceedings in the above-entitled

25

1    matter.

2         Dated at Denver, Colorado, this 14th day of February,

3    2018.

4

5

6

7    _                                              _

8                MARY J. GEORGE, FCRR, CRR, RMR

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25