FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 22 2018

JEFFREY P. COLWELL
CLERK

In the United States District Court for the District of Colorado

Criminal Action No: 16-CR-00054-WJM-1
Civil Action No: 18-CV-01681-WJM

United States

v.

Heather Carr - Defendant - Movant

## Movant's response to government's response to motion to vacate, set aside or correct sentence

Heather Carr's motion for relief under 28 U.S.C. 2255 Doc 428 should be approved and/or an evidentiary hearing should be held. Prosecutor Bryan Fields threatened, bullied and yelled at me informing me he was "ripping up my deal and sending me to jail for a very long time." Mr. Fields caused doubt and concern that I no longer had a plea deal. The government's "response" to this was a footnote on page 13 that states "This court has previously discounted

Carr's unsubstantiated and irrelevant allegations of isolated intemperance. See Tr., Change of Plea hearing (Dec 5, 2016) at 35 ("I have now seen Mr. Fields on at least a couple trials, Mr. Paluch on one. I find it hard to believe they would be abusive on the phone to you." First the government has the date wrong in that footnote. The judge said that at my sentencing on January 4th, 2018 - not a Change of Plea hearing in 2016. I never knew who Bryan Fields was until the phone call he threatened me on in November 2017. And the government's "response" was to repeat what the judge said at sentencing who was not present on the phone calls. To get a proper accurate response I would simply request to ask them directly at an evidentiary hearing.

On the claim for ineffective counsel there are several reasons my lawyer was ineffective. My lawyers overall conduct fell below an objective standard of reasonableness under prevailing professional norms. My lawyer Mary Butterton

performed contrary to my best interests in a way that a reasonable lawyer would not have. By telling me that my plea agreement was for 24 months and that the guideline range does not matter because it's just advisory - was not using reasonable professional judgement. By telling me to not read too much into my plea agreement because there are a ton of legal terms was not using reasonable professional judgement. By telling me I was not subpoenad to testify and telling me I could withdraw my plea and go to trial and then days later saying the prosecutor was still honoring the 24 month plea agreement - was not using reasonable professional judgement. Due to many circumstances regarding this case there are many identified acts and omissions by my lawyer and the prosecution that were outside the wide range of professional competent assistance. My lawyer did not investigate facts and did not follow through with evidence

and information I gave her. My lawyer on the prosecution did not even research any applicable case law regarding similiar cases. My lawyer refused to do anything I was requesting when I wanted to go to trial such as saying Mr. Thomas and I trial could not be severed because the "10th circuit just doesn't do that." She refused to in any way prepare for trial and would not research any of the information I gave her about Christine Duncan stealing my identity and her submitting FAFSA's. I could not afford an attorney, so I believed this 24 month deal was the only option. My lawyer did not thoroughly or accurately explain the correct sentencing guidelines and even said guidelines are only advisory and it doesn't matter what they are because my plea is 24 months. My lawyer would not return emails or phone calls regarding all the concerns I had about Brian Fields threats, the verification on the 24 month sentence

and the concerns that Martha Paluch refused information and would not document anything I said about their "witness" Christine Duncan. My lawyer also stated that the PSI was just an interview with a probation officer to give the judge an idea of who I am. I had no idea what a PSI was and the impact it could have. I had no idea that a probation officer could increase the points from the points signed in a plea agreement. The PSI was done over 1 year before my sentencing, did not include Markelle Green in it since I gave them the information to do a superceding indictment and the probation officer Matthew Gil did not turn it in until the day after I was set to testify. Had the PSR been given to me 1 year prior when the interview was actually done then that would have been a huge tip off that this 24 month plea deal was not what my lawyer was saying it was. Even at the change

of plea hearing, 24 months was mentioned 3 **times**. My lawyer said the plea was 24 months and guideline ranges do not matter. I have no knowledge of the law and relied on this lawyer. In the government's response they also briefly touched on the fact that they lied in Mr. Thomas sentencing statement 1 week prior to my sentencing. They knew I was *not* involved in a prior case and was *never* in a position to testify ever before and maliciously lied. They responded on page 13 by saying "Carr made no mention of the statement during her lengthy allocution or at any other time before her case became final, simply underscores her procedural default." Well if the prosecution would have *simply* looked at the date of my email where I became aware of their lie - it was January 14th, 2018. I was sentenced 10 days prior on January 4th, 2018 or else I would have absolutely made the court aware of their wreckless

and malicious statement then. They could have even verified through my Pacer log in when I viewed the document. So unfortunately mentioning this in my "lengthly allocution" or at at any other time before the case became final was impossible because I did not become aware of that until January 14th, 2018.

There are many issues that I would love to get the chance to address in an evidentiary hearing and be able to talk with a lawyer about if the court grants me appointment of counsel. Thank you for your consideration.

Sincerely,
Heather Carr

Return address (upper right, handwritten):
William Carr #89751-083
Compers Federal Prison Camp
37930 N 45th Avenue
Phoenix, AZ 85086

Postmark: West Valley P&DC, WED 17 OCT 2018

Addressee (handwritten):
Judge William J. Martinez
Clerk of the Court
Alfred A. Arraj U.S. Courthouse
901 19th St Room A105
Denver, CO
80294-3589

Certified Mail: 7001 0320 0004 3581 8804

