IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 16-cr-00054-WJM-1
(Civil Action No. 18-cv-01681-WJM)

**UNITED STATES OF AMERICA**,

    Plaintiff-Respondent,

v.

**HEATHER CARR,**

    Defendant-Movant.

_____

**RESPONSE TO MOTION TO AMEND MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE**

_____

Pursuant to the Court's Order, the government responds to Carr's Motion to Amend her motion for relief under 28 U.S.C . § 2255.  Doc. 452.  The Motion to Amend is untimely in that it was filed a full three months after the government's response to the Motion to Vacate.  Moreover, the new claims have been procedurally defaulted or are otherwise meritless.

**INTRODUCTION**

The Motion to Amend appears to present two claims:  (1) that Carr's offense level is too high – based upon evidence that she had going back as far as 2011; and (2) that her

1

trial counsel was ineffective for failing to argue for a lower offense level based upon that evidence. As with the Motion to Vacate, the Motion to Amend seeks resentencing to a term of 24 months. And, as before, Carr does not ask to have her Plea Agreement set aside, nor does she wish to go to trial on the charges originally presented in the Indictment.

## ARGUMENT

The amendment of a § 2255 pleading is governed by Rule 15, Fed. R. Civ. P. *United States v. Espinoza-Saenz*, 235 F.3d 501, 503-05 (10th Cir. 2000). That rule permits a party to amend a pleading as a matter of right:

(A) within 21 days of serving the pleading, or

(B) within 21 days of service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is served first.

Fed. R. Civ. P. 15(a)(1).

Carr's Motion to Vacate was filed on June 29, 2018. Doc. 423. The government filed its response on July 23, 2018. Doc. 432. Carr filed her Motion to Amend on October 22, 2018. Doc. 452. Therefore, she does not have a right to amend under Rule 15(a)(1). Nor has she sought or obtained the permission of the government to amend. *See* Fed. R. Civ. P. 15(a)(2). Because Carr does not have either the right to amend or the government's permission to do so, she must obtain leave from the Court. *Id.* Although a court "should freely give leave when justice so requires," *id.*, leave to amend may be

2

denied for undue delay or futility.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Carr's proffered amendment is both unduly dilatory and futile.  As to the former, to the extent that Carr claims that her advisory guideline range was improperly calculated, she is barred by procedural default.  *See United States v. Bolden*, 472 F.3d 750, 751 (10th Cir. 2006) ("[A] § 2255 petition is not an appropriate vehicle to raise issues that should have been raised on direct appeal.") (citation omitted).  "When a defendant fails to raise an issue on direct appeal, he is barred from raising it in a § 2255 motion unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."  *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) (citation and internal quotations omitted).  Carr has not disputed the fact of her procedural default nor argued that it is excused by cause and prejudice, as to either her original Motion to Vacate or the proffered amendment.

Relatedly, Carr asks the Court to accept a Reply in support of the Motion to Vacate some nine weeks out of time.  Doc. 452 at 5.  In support, she simply says she didn't know that she could file a reply; or if she could, the applicable timeline for doing so.  *Id.*  But even as a pro se litigant, Carr "must abide by this court's procedural rules."  *United States v. Coleman*, 660 F. App'x 657, 658 (10th Cir. 2016) (unpublished) (citing *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994)).  Here, the local rules specify that "[t]he moving party may file a reply no later than 14 days after the date of service of the

response, or such lesser or greater time as the court may allow." D.C.Colo.LCivR 7.1(d). In turn, this Court has provided that motions seeking an extension of time to file a document "must be sought by way of an appropriate written motion filed as far in advance of the deadline or setting as possible," and "must clearly establish good cause for the requested extension …." WJM Revised Practice Standards § II(D)(2).  Moreover, "no motion for an extension of time to file a document shall be considered unless it is filed on or before the original filing deadline date," "[a]bsent a compelling reason". *Id.*

Carr's asserted reason for her nine-week delay does not even amount to "good cause," much less a compelling reason – "even for a pro se litigant." *Quarles v. Williams*, No. 04-2101-JWL, 2004 WL 2378840, *2 (D. Kan. Oct. 21, 2004) (unpublished) (citations omitted).  "The Tenth Circuit has interpreted the phrase narrowly, rejecting inadvertence, neglect, mistake of counsel, or ignorance of the rules as good cause for untimely service." *Id.* (citing *In re Kirkland*, 86 F.3d 172, 174-76 (10th Cir. 1996)).  Under this Court's rules and practice standards, the out-of-time motion to file a reply nine weeks late should be denied.

To the extent Carr asserts ineffective assistance of counsel with respect to her guideline calculation, her claim fails because she cannot demonstrate prejudice.  She assumes that it was improper for this Court to enhance her offense level based upon the actions of her co-conspirators.  Doc. 452 at 1-2.  But this misunderstands the implications of the conspiracy charge to which she pleaded guilty.  "When an offense

4

involves jointly undertaken criminal activity, relevant conduct includes all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." *United States v. Castaneda-Pozo*, 877 F.3d 1249, 1251 (11th Cir. 2017). *Accord United States v. Olejiya*, 754 F.3d 986, 992 (D.C. Cir. 2014) ("The loss amount is one part of the defendant's relevant conduct that—in the case of jointly undertaken criminal activity—includes all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.") (citation and internal quotation omitted). Thus, the relevant guidelines language focuses "on what 'the offense involved' rather than the defendant's own conduct." *United States v. McDuff*, 639 F. App'x 978, 985 & n.29 (5th Cir. 2016) (unpublished) (citing U.S.S.G. § 1B1.3(a)(1)(B) and § 1B1.3, app. n.2). *See also United States v. Willis*, 476 F.3d 1121, 1129 (10th Cir. 2007) (U.S.S.G. § 1B1.3(a)(1)(B) "applies to the conduct of others 'in furtherance of the jointly undertaken criminal activity' that is reasonably foreseeable to the defendant.") (footnote omitted).

*United States v. Obaygbona*, 556 F. App'x 161 (3d Cir. 2014) (unpublished) is especially instructive. There, the defendant asserted that "much of the loss ought to be attributed to other members of the conspiracy, not to him, because his co-conspirators used the stolen information to withdraw money from more banks than Obaygbona instructed them to visit." *Id.* at 164. The Court of Appeals rejected the defendant's attempt to distance himself from his co-conspirators. "Having provided fake identities to his co-conspirators for the purpose that they use them to make unauthorized bank

5

withdrawals, however, Obaygbona cannot disclaim responsibility when his collaborators used the same tactics at other banks." *Id.* Carr's proffered amendment likewise seeks to compartmentalize her liability. *See* Doc. 425 at 1 (asserting that her co-conspirators acted "by their own free will and applied for these loans themselves."). Thus, the amendment would be futile because it is meritless as a matter of law.

## CONCLUSION

Both the Motion to Amend and the accompanying out-of-time Motion for Leave to File a Reply to should be denied.

Respectfully Submitted,

Jason R. Dunn
United States Attorney

*s/ Paul Farley*
Paul Farley
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone:  303.454.0100
USACO.ECFAppellate@usdoj.gov

Attorneys for Plaintiff-Respondent

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# CERTIFICATE OF SERVICE (CM/Colorado)

I hereby certify that on <u>November 7, 2018</u>, I electronically filed the foregoing document with Clerk of Court using the CM/ECF system and certify that a copy will be placed in the U.S. Mail, postage pre-paid and addressed to the following:

Heather Carr
#89751-083
Federal Prisoner Satelite Camp
37930 North 45th Avenue
Phoenix, AZ 85086

<u>*s/ Amanda Bell*</u>
Amanda Bell
United States Attorney's Office
Denver, Colorado
