# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 16-cr-00054-WJM-1

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**HEATHER CARR,**

    Defendant.

---

## RESPONSE TO LETTER CONSTRUED AS
## MOTION TO RECONSIDER SENTENCE

---

The government responds to Carr's letter of April 1, 2019, which the Court has construed as a motion to reconsider sentence. Docs. 461, 462. Because the Court lacks jurisdiction to entertain it, the motion should be dismissed.

Carr postures her letter as "a followup to [her] 2255 motion," seeking "true consideration" of the pending Motion to Vacate. Doc. 461 at 1, 6. She asks the Court to "reconsider my sentence. At the time of my sentencing my

1

family and I was led to believe I would be doing 24 months of incarceration." Doc. 6 at 4. [1]

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Hutching*, 743 F. App'x 898, 900 (10th Cir. 2018) (unpublished) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997)). *Accord United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) ("A district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."). "Where a motion for sentence modification is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, 'the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c).'" *Smartt*, 129 F.3d at 540 (quoting *United States v. Trujeque*, 100 F.3d 869, 870 (10th Cir. 1996)). "Unless the motion asserts a 'basis for resentencing [that] falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction' to consider the sentencing

---

[1] As a factual matter, this assertion is belied by her Plea Agreement, Statement in Advance of Plea, and representations at the Change of Plea Hearing. *See* Response to Motion to Vacate, Doc. 432 at 7-10.

modification request." *Hutching*, 743 F. App'x at 900 (quoting *Smartt*, 129 F.3d at 541).

Under 18 U.S.C. § 3582(c), courts are authorized to modify a previously imposed sentence in only three limited circumstances: (1) upon motion of the Director of the Bureau of Prisons; (2) if such modification is otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; or (3) if the defendant's sentencing range has subsequently been lowered by the United States Sentencing Commission. *Smartt*, 129 F.3d at 540-41.

None of these three circumstances are applicable here: (1) the Director of the Bureau of Prisons has not moved to reduce Carr's sentence; (2) no statute, nor Rule 35 of the Federal Rules of Criminal Procedure, authorizes the reduction in sentence that Carr seeks; [2] and (3) Carr does not suggest that her sentencing range has been lowered by the Sentencing Commission.

Whatever Carr's post-sentencing conduct or current circumstances, they provide no basis for reconsideration of her sentence. *See, e.g., United States v.*

---

[2] The 14-day time limit in Rule 35(a) for correcting arithmetical, technical or clear errors is itself jurisdictional. *United States v. McGaughy*, 670 F.3d 1149, 1151, 1157-58 (10th Cir. 2012).

3

*Anderson*, 133 F.3d 933, 1998 WL 8234, *1-2 (10th Cir. Jan. 12, 1998) (Table) (unpublished) (Section 2255(a) does not permit the Court "to revisit the sentencing determination based on events that occurred after sentencing."); *United States v. Jones*, 515 F. App'x 783, 783 (10th Cir. 2013) (unpublished) (district court lacked jurisdiction to resentence under 18 U.S.C. § 3582(c) based on the defendant's "postsentencing rehabilitation efforts"); *United States v. Garcia-Emanuel*, 112 F. App'x 713, 715 (10th Cir. 2004) (unpublished) ("Mr. Garcia-Emanuel's request for modification of his sentence based on post-sentence rehabilitation lacks merit, as it is not a factor considered for modification under 18 U.S.C. § 3582(c)") (unpublished).

In the absence of jurisdiction under 18 U.S.C. § 3582(c), Carr may only invoke 28 U.S.C. § 2255. *But see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("Although we liberally construe pro se filings, we do not assume the role of advocate.") (internal quotations and citations omitted). Even so, the Court entered its Amended Judgment almost 15 months ago, and her initial Motion to Vacate has been pending for over nine months. *See* Docs. 313, 423.

Moreover, the instant Motion cannot be deemed a further attempt to amend the Motion to Vacate since it wasn't filed within 21 days after the either

4

the initial Motion or the government's initial response was served, nor has either the government consented or leave been granted.  *See* Rule 15, Fed. R. Civ. P.; *United States v. Espinoza-Saenz*, 235 F.3d 501, 503-05 (10th Cir. 2000).  *See also* Doc. 455 (opposition to prior Motion to Amend).  And, if the instant Motion were regarded as being made pursuant to § 2255, it would have to be authorized by the Court of Appeals before this Court could consider it.  *United States v. Springer*, 875 F.3d 968, 972 (10th Cir. 2017) ("When a district court is confronted with an unauthorized motion, it does not even have jurisdiction to deny the relief sought in the pleading.  Instead, the court has only two options:  it must either dismiss the motion or, if it is in the interests of justice, transfer the motion to the circuit court for authorization.") (citations and internal quotation omitted), *cert. denied*, 138 S. Ct. 2002 (2018).

      Finally, although Carr has not invoked Fed. R. Civ. P. 60(b), it also would afford no basis for entertaining the motion, because:  (1) as civil rule, it has no applicability to this criminal proceeding, *United States v. McCalister*, 601 F.3d 1086, 1088 (10th Cir. 2010); and (2) as the motion alleges no defect in the integrity of earlier § 2255 proceedings, at most it would amount to a second-or-successive § 2255 motion.  *Hutching*, 743 F. App'x at 901.

## CONCLUSION

There is no jurisdictional basis for the Court to entertain Carr's motion. The motion to reconsider sentence should be dismissed for lack of jurisdiction.

Respectfully Submitted,

Jason R. Dunn
United States Attorney

*s/ Paul Farley*
Paul Farley
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: 303.454.0100
USACO.ECFAppellate@usdoj.gov
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# CERTIFICATE OF SERVICE (CM/Colorado)

I hereby certify that on <u>April 15, 2019</u>, I electronically filed the foregoing document with Clerk of Court using the CM/ECF system and certify that a copy will be placed in the U.S. Mail, postage pre-paid and addressed to the following:

Heather Carr
#89751-083
96 Federal Prisoner Satelite Camp
37930 North 45th Avenue
Phoenix, AZ 85086

<u>*s/ Ma-Linda La-Follette*</u>
Ma-Linda La-Follette
United States Attorney's Office
Denver, Colorado

7