# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Criminal Case No. 16-cr-054-WJM-1

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

1.     **HEATHER CARR**,

      Defendant.

## ORDER DENYING MOTION TO RECONSIDER SENTENCE

This matter is before the Court on the Defendant Heather Carr's letter received by the Court on April 1, 2019, which the Court construed as a Motion to Reconsider Sentence (the "Motion"). (ECF Nos. 461 & 462.) In response, the Government argued that the Motion should be denied because there is no jurisdictional basis for the Court to entertain Carr's Motion. For the reasons discussed below, the Court agrees and denies the Motion.

## I. BACKGROUND

Carr plead guilty to conspiracy to defraud the government, a violation of 18 U.S.C. § 286, for her role in a scheme of obtaining payments and submitting false claims for federal student aid to the U.S. Department of Education. (ECF Nos. 1 & 94.) On January 4, 2018, the undersigned sentenced Carr to 57 months of incarceration, and three years of supervised release after imprisonment. (ECF No. 272 at 2; ECF No. 313.)

On April 1, 2019, the Court received a letter from Carr asking the Court to reconsider her 57 month sentence. (ECF No. 461 at 4.) She detailed how her incarceration has impacted her family, and explained the possibility that she will lose custody of her children as a result of her incarceration. She also emphasized that she "was led to believe [she] would be doing 24 months of incarceration" and that she was "terribly unprepared for a sentence over that." (*Id.*) Carr included a letter from her oldest daughter and documentation of her youngest son's medical issues. (*Id.* at 7–18.)

## II. DISCUSSION

The Court does not independently have inherent authority to resentence a defendant. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. *See* 18 U.S.C. § 3582(c); *Blackwell*, 81 F.3d at 947. Congress has set forth three limited circumstances in which a court may modify a sentence:

1. Pursuant to 18 U.S.C. § 3582(c)(1)(A), through a proceeding initiated by a motion from the Director of the Bureau of Prisons,

2. Pursuant to 18 U.S.C. § 3582(c)(1)(B), where otherwise provided by statute or Federal Rule of Criminal Procedure 35, or

3. Pursuant to 18 U.S.C. § 3582(c)(2), where the defendant has been sentenced based on a sentencing range subsequently lowered by the Sentencing Commission.

18 U.S.C. § 3582(c)(1),(2); *see Blackwell,* 81 F.3d at 947–48.

The first and third circumstances clearly do not apply here, as there is no motion from the Bureau of Prisons or any indication that the Sentencing Commission has lowered the sentencing range. Nor has Carr cited any federal statute that would allow

2

the Court to modify her sentence. The only way in which Carr's sentence could possibly be modified is if modification is permitted by Rule 35.

Rule 35(a) states that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Rule 35(c) defines "sentencing" as "the oral announcement of the sentence." Rule 35(a)'s 14-day timeframe is jurisdictional, and so not waivable. *See United States v. McGaughy*, 670 F.3d 1149, 1155–59 (10th Cir. 2012). Here, the Motion was filed 16 months after the oral announcement of Carr's sentence, and thus the Court lacks jurisdiction to consider the Motion. Moreover, Carr does not argue that her sentence resulted from an arithmetical, technical, or other clear error, and the Court, reviewing the record, finds no such error. *See United States v. Harris*, 358 F. Supp. 3d 1202, 1205 (D. Colo. 2019) ("'clear error,' whatever else it means, does not appear to include the results of re-weighing the § 3553(a) factors"). Thus, Rule 35 does not authorize a substantive modification of Carr's sentence at this time.

The Court understands that Carr and her family are at a significant crossroads in their lives with respect to custody of Carr's youngest children, and acknowledges the difficulties that incarceration imposes on a family, particularly when both parents are subject to federal custody. Nonetheless, even if the Court were inclined to modify Carr's sentence, which it imposed over sixteen months ago, the Court lacks jurisdiction to modify or reconsider Carr's sentence under the circumstances.

### III. CONCLUSION

For the reasons discussed above, the Court DENIES Defendant's construed Motion to Reconsider Sentence (ECF No. 461) for lack of jurisdiction.

Dated this 15th day of May, 2019.

BY THE COURT:

_____
William J. Martínez
United States District Judge