IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-1681-WJM
Criminal Case No. 16-cr-054-WJM-1

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

1.     **HEATHER CARR**,

       Defendant.

---

**ORDER RESOLVING PENDING MOTIONS AND DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

---

This matter is before the Court on the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion") filed *pro se* by Petitioner Heather Carr (ECF No. 423), as well as Carr's Motion for Leave to File a Reply Out of Time ("Motion for Leave"; ECF No. 470), Motion to Amend 2255 Motion with Additional Claim ("Motion to Amend"; ECF No. 452), and Renewed Motion for Appointment of Counsel (ECF No. 469). For the reasons set forth below, these motions are denied.

## I. BACKGROUND

On February 8, 2016, Carr and two co-defendants were charged with one count of conspiracy to defraud the Government under 18 U.S.C. § 286; 12 counts of wire fraud under 18 U.S.C. § 1343; 13 counts of mail fraud under 18 U.S.C. § 1341; and three counts of aggravated identity theft under 18 U.S.C. § 1028A(a)(1) for submitting false claims for federal student aid to the U.S. Department of Education in the names of

more than 150 inmates. (ECF No. 1.) According to the stipulated facts in Carr's plea agreement, the Department of Education disbursed $562,487.85 as a result of the false claims. (ECF No. 94 at 11.) Federal public defender Mary Butterton was appointed as Carr's counsel.

Carr, through counsel, filed a notice of disposition on November 10, 2016. (ECF No. 83.) At a change-of-plea hearing on December 5, 2016, Carr pleaded guilty to the conspiracy charge for her role in the scheme. (ECF No. 94.) At that hearing, Carr was advised of the rights she waived by pleading guilty, including the right to a trial on the charges against her. (ECF No. 432-1 at 14–15.) Carr agreed to waive those rights and entered a guilty plea. (*Id.* at 14; ECF No. 94.) The plea agreement, which was signed by Carr, her counsel, and the Government, contained an appellate waiver provision. (ECF No. 94 at 2–3.) The Court ensured that Carr understood this provision and agreed to the terms. (ECF No. 432-1 at 16–17.) Carr also confirmed that she understood the consequences of her plea "including the maximum sentence that can be imposed." (*Id.* at 18–19.) She also stated that she was "absolutely" satisfied with the representation of her counsel. (*Id.* at 21.)

Among other things, the plea agreement required that Carr "testify fully and truthfully at any proceeding in the District of Colorado or elsewhere as requested by the government." (ECF No. 94 at 4.) Carr initially agreed to testify at the trial of her co-defendant Trammel Thomas. After the first day of Thomas's trial, however, Carr decided not to testify. Later, at Carr's sentencing hearing, the Court observed that "reneging on one's promise is . . . a basis on which the sentence legitimately may be augmented." (ECF NO. 432-1 at 49.) Nonetheless, instead of withdrawing from the

plea agreement and reinstating all charges against Carr, the Government left Carr's plea agreement intact and proceeded to dismiss all remaining counts in the indictment at the sentencing hearing. (ECF No. 432-2 at 48.)

The plea agreement also included an estimated total offense level of 23 and a tentative criminal history category of I with a resulting guideline sentencing range from 46–57 months, although the parties noted that the top end of the range could be up to 115 months, depending on criminal history. (ECF No. 94 at 12.) In the document, Carr agreed to serve a minimum sentence of 24 months. (*Id.* at 2.) The plea agreement also noted that the maximum statutory penalty for a conviction under 18 U.S.C. § 286 is up to 10 years imprisonment. (*Id.* at 7.)

In advance of Carr's sentencing, the Court's Probation Office prepared a Presentence Investigation Report ("PSIR") which added two additional enhancements to the plea agreement's estimated offense level, for a recommended total offense level of 27. (ECF No. 250 at 10.) Two levels were added because of the large number of vulnerable victims. (ECF No. 432 at 5; ECF No. 423 at 18.) Carr's counsel did not object to this enhancement because there was "no reasonable argument against it." (ECF No. 423 at 18.) Two additional levels were added for Carr's abuse of a position of public or private trust or use of a special skill. Carr's counsel objected to this addition at the sentencing hearing, and the Court sustained that objection. (ECF No. 432-2 at 8.) Thus, Carr's total offense level of 25 and criminal history category of I yielded an advisory guideline sentencing range of 57 to 71 months. (*Id.* at 10.) The Court rejected Carr's motion for a variant sentence. (*Id.* at 55.)

At the sentencing hearing on January 4, 2018, the Court imposed a 57-month

3

sentence with three years probation, the minimum term of incarceration under the advisory guideline sentencing range. (*Id.* at 57.)

Carr directly appealed to the Tenth Circuit, where the Government moved to enforce the appeal waiver in her plea agreement. *United States v. Carr*, No. 18-1021 (10th Cir. Apr. 5, 2018). Carr conceded that her appeal waiver was enforceable, and the Tenth Circuit granted the motion to enforce and terminated the matter. *Id.*

Carr commenced this § 2255 proceeding on June 29, 2018. (ECF No. 423.) Carr raises four claims: (1) ineffective assistance of counsel for permitting a sentence greater than 24 months; (2) prosecutorial misconduct because the "prosecution withheld information that [Carr] told them" and the "prosecutors lied in a sentencing statement" about Carr's involvement in a prior case; (3) the "prosecution knowingly and maliciously lied in a sentencing statement" about Carr's involvement in a 2011 arrest of Thomas and witness Christine Duncan; and (4) Carr did not knowingly and voluntarily enter into the plea agreement because she "would have <u>never</u> signed a deal with . . . the possibility of a 57 month sentence." (*Id.* at 4–6.) Carr asks to be resentenced to a term of 24 months. (*Id* at 8.) At that time, Carr also filed a Motion to Appoint Counsel (ECF No. 424), which the Court denied (ECF No. 427). On July 23, 2018, the Government filed its response to Carr's Motion.

On October 22, 2018, Carr filed four separate documents: a belated reply in support of the Motion (ECF No. 451), the Motion for Leave (ECF No. 470), the Motion to Amend (ECF No. 452), and the Renewed Motion for Appointment of Counsel (ECF

No. 469).[1]  Carr's Motion to Amend claims that her total offense points were two points higher than they should have been because certain loan amounts were improperly included in the loss amount, and that her counsel was ineffective for failing to address this supposed error.  (ECF No. 462 at 1–3.)  The Government responded that Carr's Motion for Leave and Motion to Amend were "unduly dilatory and futile."  (ECF No. 455 at 3.)

## II. LEGAL STANDARD

Section 2255 of Title 28 of the United States Code applies to requests seeking to vacate, set aside, or correct a federal sentence.  A § 2255 petition "attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence."  *Id*.

Carr is proceeding *pro se* and entitled to liberal construction of her pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  In other words, if the Court can "reasonably read the pleadings to state a valid claim on which [Carr] could prevail, it should do so despite [Carr's] failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the requirement that the Court read Carr's pleadings broadly

---

[1] The Motion for Leave, Motion to Amend, and Renewed Motion for Appointment of Counsel were initially docketed together at ECF No. 452.  The Court subsequently docketed them as individual motions, and will consider each separately.  (ECF Nos. 452, 469 & 470.)

does not relieve Carr of the burden of alleging sufficient facts on which a recognized legal claim could be based. *Id*.

### III. ANALYSIS

A. **Motion for Leave to File a Late Response (ECF No. 470)**

Carr's reply in support of her Motion was filed nine weeks late and accompanied by a motion to file out of time. (ECF Nos. 451 & 470.) In support of her Motion for Leave to file out of time, Carr contends that she was, until recently, unaware that she could file a reply, and did not know whether there was a deadline for a reply. She adds that she lacks counsel to advise her on procedures or deadlines. (ECF No. 470 at 1.) In response, the Government argues that, even liberally construing *pro se* pleadings, Carr fails to establish good cause for her nine-week delay in filing a reply.

While *pro se* litigant filings are entitled to liberal construction, the Court does not act as the *pro se* litigant's advocate. *Pursley v. Estep*, 2006 WL 3097190, at *9 (D. Colo. Oct. 31, 2006). "Pro se litigants are required to follow the same procedures as other litigants." *Handy v. City of Sheridan*, 636 F. App'x 728, 734 (10th Cir. 2016). The District of Colorado Local Rules require that a moving party file a reply within 14 days of the response. D.C.Colo.LCivR 7.1(d). The undersigned's revised practice standards direct parties to "clearly establish good cause for the requested extension." WJM Revised Practice Standard II.D.2.a.

Carr filed her reply nine weeks late, and did not provide good cause for the requested extension. The Motion for Leave is denied, and the Court will not consider Carr's reply docketed at ECF No. 451. However, in the interest of justice, the Court

notes that even were it to consider Carr's reply, the below analysis would not change because Carr's reply does not provide sufficient additional detail to support her claims.

**B.     Section 2255 Motion to Vacate (ECF No. 423)**

Carr raises four separate claims as to why the Court should vacate her sentence, which the Court will address in turn. The Court notes that Carr also separately raised a fifth claim in her Motion to Amend, which the Court addresses below in Part III.C.

  1.   <u>Ineffective Assistance of Counsel: Failure to Advise on Length of Potential Sentence (Claim 1)</u>

To support a claim of ineffective assistance of counsel, a petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness; and (2) such deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). With respect to the first prong of the *Strickland* test, a petitioner must show that counsel's representation fell below an objective standard of reasonableness, such that she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. In applying this standard, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance", and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689.

To satisfy the second prong of the *Strickland* test, a petitioner "must show that the deficient performance prejudiced the defense." *Id*. at 687. Even where particular errors are shown, a petitioner "must show that they had an adverse effect on the defense," and not just "some conceivable effect." *Id*. at 693. Thus, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been entirely different." *Id*. at 694.

7

Carr contends that her trial counsel was ineffective because counsel failed to advise Carr that she could receive a sentence longer than 24 months under her plea agreement.[2]  (ECF No. 423 at 4.)  She also claims that counsel told her not to "read too much into" her plea agreement and told Carr that the "guideline ranges don't matter." (*Id.* at 4–5.)

The Court has thoroughly reviewed the record in this matter, and finds that the record, including the plea agreement and proceedings at Carr's change of plea hearing, conclusively rebuts Carr's claim that her counsel inadequately advised her on the potential sentence as a result of her guilty plea.

Carr's allegations rest, in part, on an e-mail from her counsel that Carr selectively quotes.  (ECF No. 423 at 11 ("Claim 1, E-mail 2").)  When counsel e-mailed the proposed plea agreement to Carr on November 7, 2016, she advised Carr not to "read too much into [it] *until we fully go over it*."  (*Id.* (emphasis added).)  The full text of the e-mail strongly suggests that counsel discussed the various aspects of the agreement with Carr after she sent the e-mail.  The Court has also reviewed the other documents submitted by Carr; none suggests that her counsel *ever* stated that the plea agreement precluded the possibility that the Court could impose a custodial sentence on Carr in excess of 24 months.  Rather, they indicate that Carr's counsel planned to seek a

---

[2] In her Reply, Carr also claims that counsel "refused to in any way prepare for trial and would not research any of the information [Carr] gave her" about an individual "stealing my identity" to submit her own federal student loan information.  (ECF No. 451.)  As discussed above, the Court will not consider Carr's late-filed reply for lack of good cause shown. Moreover, since this argument was first raised in a Reply, the Court does not consider it. *Coleman v. B-G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997) ("Issues not raised in the opening brief are deemed abandoned or waived.").

downward variant sentence outside the guideline range and *request* a significant downward variance to 24 months.

Approximately a month later, Carr signed the plea agreement which explicitly stated that the guideline sentencing range based on an estimated offense level of 23 and Criminal History Category I was 46 to 57 months, but could be up to 115 months (ECF No. 94 at 13, 15.)

In her Statement by Defendant in Advance of Plea of Guilty, Carr stated that she had the opportunity to discuss the case and her guilty plea with counsel, and her decision to plead guilty was made with the advise of counsel and full understanding of her rights. (ECF No. 95 at 7, ¶ 24.) She acknowledged that "[n]o one has promised me that I will receive . . . any other specific sentence desired by me because of my plea(s) of guilty." (*Id.* at 6, ¶ 23.)

At the change-of-plea hearing, Carr's counsel stated that the anticipated guideline sentencing range would be 46 to 57 months, and repeatedly stated that Carr had agreed to serve a *minimum* of 24 months. (ECF No. 432-1 at 7, 18–19.) The Court confirmed that Carr understood that the Court may impose a sentence more or less severe than the guideline range. (*Id.* at 19.) The Court also confirmed that counsel discussed the plea agreement with Carr and answered Carr's questions about the plea agreement. (*Id.* at 8–9.) Finally, the Court confirmed that Carr voluntarily signed the plea agreement. (*Id.* at 9.) The record thus demonstrates that Carr's counsel advised her that she would serve a minimum of 24 months, and quite possibly more. As such, Carr has not shown that her counsel provided inaccurate or misleading information, or

that her counsel's conduct fell below the objective standard of reasonableness.

Carr also fails to show prejudice resulting from any alleged ineffective assistance of counsel. To show prejudice, Carr must demonstrate a reasonable probability that she "would not have pleaded guilty and would have insisted on going to trial," absent counsel's alleged errors. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *see also Lafler v. Cooper*, 566 U.S. 156, 163 (2012). Carr does not explain how her counsel's alleged misinformation regarding a 24-month sentence would have led her to go to trial, be acquitted, or receive a less onerous sentence. *See United States v. Pena*, 566 F. App'x 645, 650 (10th Cir. 2014). Had Carr insisted on going to trial, she would have faced 28 additional felony counts and, if convicted, faced substantially more than 24 months in prison. *See United States v. Noble*, 350 F. App'x 305, 306 (10th Cir. 2009) (finding no prejudice where petitioner would have faced a greater guideline range if he went to trial and was convicted). Carr's conclusory statement that she would have "never signed the plea . . . unless it was 24 months" falls short of the necessary showing of prejudice. Carr has failed to show that her counsel performed deficiently or that she was prejudiced by any such deficient performance, as required by *Strickland*. The Motion is thus denied as to this ground.

2. Prosecutorial Misconduct (Claims 2 & 3)

Carr claims that the prosecutors engaged in misconduct by withholding "information that [Carr] told them;" failing to document certain statements in a memorandum of interview; and lying in a sentencing statement for her co-conspirator. (ECF No. 324 at 5–6.) The first two alleged instances of misconduct relate to information Carr told prosecutors about a witness who testified at her co-conspirator's

trial and who allegedly stole Carr's identity and submitted one or more student loan applications. Carr also alleges that a statement in her co-conspirator's sentencing statement (filed a week prior to Carr's sentencing) contained misstatements about Carr's involvement in a prostitution case involving her co-conspirator and the witness, and her alleged failure to testify in that case.

"[A] § 2255 petition is not an appropriate vehicle to raise issues that should have been raised on direct appeal." *United States v. Bolden*, 472 F.3d 750, 751 (10th Cir. 2006). If a defendant fails to present an issue on direct appeal that could have been raised, she is barred "from raising it in a § 2255 motion 'unless [she] can show cause excusing [her] procedural default and actual prejudice resulting from the errors . . . , or can show that a fundamental miscarriage of justice will occur if [her] claim is not addressed." *Id.* at 751–52; *see also United States v. Tisdale*, 127 F. App'x 438, 440 (10th Cir. 2005).

Claims of prosecutorial misconduct are routinely raised on direct appeal. *United States v. Velarde*, 683 F. App'x 688 (10th Cir. 2017). Carr, however, failed to raise claims of prosecutorial misconduct until her habeas petition, which is not an appropriate vehicle to raise such issues. *See Bolden*, 472 F.3d at 751. Carr thus must show cause and actual prejudice, or a fundamental of miscarriage of justice, to sustain her prosecutorial misconduct claim. *See id.*

Carr does not explain or address her failure to raise the misconduct claim on direct appeal. Nor does Carr explain how failure to consider her claim would result in a "fundamental miscarriage of justice." Absent any such showing from Carr, the Court

11

concludes that Carr procedurally defaulted on her prosecutorial misconduct claims.

        3.        <u>Plea Agreement Was Not Knowing or Voluntary (Claim 4)</u>

Carr also claims that her guilty plea was "unlawfully induced or not made voluntarily with the understanding the nature of the change or consequences of the plea." (ECF No. 423 at 6.) She claims that she "would have <u>never</u> signed a deal with no promised number and the possibility of a 57 month sentence and 3 years probation." (*Id.*)

A claim that a plea is not knowing or voluntary may be raised on direct appeal. *Tisdale*, 127 F. App'x at 440. Once again, Carr did not raise this claim on direct appeal, and therefore it is procedurally defaulted unless she can show cause and prejudice, or a fundamental miscarriage of justice. Carr does not argue cause and prejudice. Moreover, as discussed above, the record makes clear that the Court and Carr's counsel were clear on the potential range of sentences that the Court could impose as a result of Carr's guilty plea. The Court confirmed Carr's understanding of her plea deal and that Carr entered her plea knowingly and voluntarily. (ECF No. 432-1 at 19–21.) Carr has failed to show cause and prejudice or a fundamental miscarriage of justice, and thus this claim is procedurally defaulted.

**C.**    **Motion to Amend (ECF No. 452)**

Carr also belatedly filed her Motion to Amend to include a fifth claim that attacks the point calculation of her guideline range and her counsel's ineffective assistance as to the same. (ECF No. 452.) Specifically, Carr claims that certain individuals' loans were improperly included in the loss amount of $562,487.85; that the total loss amount was actually less than $550,000; and that as a result on the improper inclusions, her

12

total offense level was two points higher than it should have been under the sentencing guidelines. (ECF No. 452 at 1–2.) *See* U.S.S.G. § 2B1.1(b)(1).

In a § 2255 proceeding, the Federal Rules of Civil Procedure apply to the extent that they are not inconsistent with the Rules Governing Section 2255 Cases. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). The Court thus applies Federal Rule of Civil Procedure 15 to determine whether Carr may amend her petition. Rule 15(a) allows a party to amend a pleading as a matter of course within 21 days of service or, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." The Rule charges the court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Court could strike the Motion for failure to comply with Federal Rule of Civil Procedure 15(a). But doing so would be overly formalistic, when Carr could simply move for leave to amend and state the reasons that she believes a belated amendment is appropriate. Upon a motion for leave to amend a pleading, courts generally "freely give leave when justice so requires." *Id.* Leave may be denied if the amendment is unduly delayed or futile. *United States v. Burbage*, 280 F. App'x 777, 782 (10th Cir. 2008). Instead of requiring an additional motion from Carr, the Court will simply consider whether it would have granted leave to amend had Carr so moved.

1. <u>Claim of Improper Calculation of Guideline Range is Procedurally Defaulted</u>

Carr's claim that her advisory guideline range was improperly calculated is barred by procedural default. A challenge to a sentence based on the miscalculation of a guideline range may be brought on direct appeal. *Rosales-Mireles v. United States*,

13

138 S. Ct 1897, 1905 (2018). Carr did not raise any objection to her sentence based on a miscalculation of the guideline range on direct appeal.

Moreover, Carr does not present any reasons to excuse her procedural default or demonstrate actual prejudice resulting from the alleged error. Indeed, even had her offense level been two points lower, her sentence still fell within the recalculated guideline range. Nor has she shown that a "fundamental miscarriage of justice will occur" if her claim is not addressed, because, as discussed below, the calculation was not improper. Thus, amendment of her § 2255 Motion to include this claim would be futile.

2. <u>Ineffective Assistance of Counsel: Failure to Object to Loss Calculation</u>

Carr also alleges that her counsel was ineffective for failing to object to inclusion of certain amounts in the loss calculation, resulting in a total offense level two points higher than it should have been under the sentencing guidelines. (*See* ECF No. 452 at 1–2.) Ineffective assistance claims cannot be raised on direct appeal, and thus this argument is appropriately brought in a § 2255 proceeding. Considering the merits, the Court finds that Carr fails to show any error by trial counsel.

Carr summarily contends that she raised the loss calculation issue with her lawyer "several times" and that her lawyer "never did address this or attempt to fix this." (ECF No. 452 at 3.) However, she presents no evidence that she ever raised the issue with her counsel. Moreover, Carr stipulated to the loss amount in her plea agreement and did not then raise any factual or legal challenges to the calculation. In the plea agreement, Carr stipulated to a loss of $562,487.85 "as a result of [Carr's] and her co-defendants' false claims." (ECF No. 94 at 11.) At the change of plea hearing, the Court

14

asked Carr to review the stipulation of facts in her plea agreement, and Carr informed the Court that she was "very comfortable" with the stipulated facts and had read them "several" times. (ECF No. 432-1 at 10.) Carr agreed that the facts were true as written and there was no inaccuracy she wished to correct. (*Id.* at 10–11.) In addition, she agreed on the record that she "couldn't do it alone" and had the level of interdependence and cooperation necessary to conspire to commit the offense. (*Id.* at 13–14.)

Carr fails to show that her counsel's performance fell below an objective standard of reasonableness for not objecting to the loss amount. "Counsel's failure to dispute the loss calculation . . . is not objectively unreasonable, however, when [Petitioner] stipulated to these facts and sentencing enhancements in the plea agreement and affirmed at the plea hearing that [she] understood and agreed to them." *United States v. Snisky*, 725 F. App'x 666, 671 (10th Cir. 2018).

Moreover, the proper loss amount in a conspiracy includes all losses attributable to the conspiracy where the individual plays a central role in the acts. *See United States v. Osborne*, 332 F.3d 1307, 1311 (10th Cir. 2003). Thus, Carr's counsel would have had no meritorious basis to object to inclusion of the amounts that Carr now disputes in the loss calculation.

Because Carr has not shown that her counsel's performance fell below an objective standard of reasonableness, her ineffective assistance of counsel claim fails. Amendment of her claim would therefore be futile and her Motion to Amend is denied.

**D.      Renewed Motion for Appointment of Counsel (ECF No. 469)**

Carr once again asks the Court to appoint counsel to represent her in her Motion to vacate her sentence under § 2255. (ECF No. 469 at 1.) As part of her fifth claim for relief, Carr contends that her prior counsel improperly advised her on the points in her PSIR, and she asks for the opportunity to be advised properly. (*Id.*) The right to appointed counsel extends to the first appeal as of right, but no further. However, the Court has discretion to appoint counsel in proceedings pursuant to § 2255(g). Appointment of counsel is governed by 18 U.S.C. § 3006A, which provides that appointment of counsel for a financially eligible person seeking relief under § 2255 is appropriate when the interest of justice so require. 18 U.S.C. § 3006A(a)(2)(B). If an evidentiary hearing is necessary in a § 2255 proceeding, then appointment of counsel is required. *See Swazo v. Wyoming Dep't of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994); *see also* Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A").

The Court has reviewed the briefing and determined that an evidentiary hearing is not necessary. Thus, Carr is not entitled to representation on her Motion. *See Swazo*, 23 F.3d at 333. Moreover, the Court is not persuaded that the interest of justice requires the discretionary appointment of counsel in this case. As discussed above, Carr's prior counsel did not improperly advise her. The Court thus denies Carr's Renewed Motion for Appointment of Counsel.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Petitioner's Renewed Motion for Appointment of Counsel (ECF No. 469) is DENIED;

2. Petitioner's Motion for Leave to File a Reply Out of Time (ECF No. 470) is DENIED;

3. Petitioner's Motion to Amend 2255 Motion with Additional Claim (ECF No. 452) is DENIED;

4. Petitioner's Court on the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255(ECF No. 423) is DENIED;

5. Petitioner's claims are DISMISSED WITH PREJUDICE; and

6. The Court has *sua sponte* considered whether a certificate of appealability is appropriate, and hereby ORDERS that no certificate of appealability will issue because Petitioner has not made a substantial showing that jurists of reason would find it debatable whether the Petition states a valid claim of the denial of a constitutional right.

Dated this 28th day of May, 2019.

BY THE COURT:

William J. Martínez
United States District Judge