# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 18-cv-1681-WJM
Criminal Case No. 16-cr-054-WJM-1

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

1.    **HEATHER CARR**,

      Defendant.

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant's "Motion Requesting Relief Under Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A)" ("Motion"). (ECF No. 508.) For the reasons discussed below, the Court denies the Motion.

## I. BACKGROUND

On December 5, 2016, Carr pled guilty to conspiracy to defraud the government for her role in a scheme of submitting false claims for federal student aid to the U.S. Department of Education. (ECF No. 94.) On January 4, 2018, the undersigned sentenced Carr to 57 months of incarceration and three years of supervised release. (ECF No. 272 at 2; ECF No. 313.)

On April 1, 2019, Carr moved the Court to reconsider her 57-month sentence. (ECF No. 461 at 4.) The Court denied that motion for lack of jurisdiction. (ECF No. 471.)

On September 12, 2019, Carr filed the Motion *pro se* seeking home confinement

or compassionate release under Sections 602 and 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("FSA"). (ECF No. 508.) The Government filed a response on October 10, 2019, arguing that Carr had failed to exhaust her administrative remedies for home confinement or compassionate release, and was not eligible for either program. (ECF No. 513.) Thereafter, an attorney from the Federal Public Defender entered her appearance (ECF No. 516), but subsequently had to withdraw due to a conflict of interest (ECF No. 519). Conflict-free counsel entered an appearance, and filed a reply on November 25, 2019. (ECF No. 524.) On March 20, 2020, counsel, on behalf of Carr, filed a supplement in support of the Motion (ECF No. 526) and a motion to expedite ruling (ECF No. 527). The supplement addressed how Carr's family's circumstances have changed due to the COVID-19 pandemic. (ECF No. 526 at 1–2.)

According to the parties, if Carr continues to receive good time credit, she will serve 48 months and 17 days of her 57-month sentence, and will likely be released to home confinement as early as August 2021, approximately 16 months from the date of this Order. (ECF No. 513 at 7–8; ECF No. 524 at 10.)

## II. ANALYSIS

### A.   Home Confinement Under § 602 of the FSA

In her *pro se* Motion, Carr seeks home confinement as an alternative to serving the remainder of her sentence in custody, invoking Section 602 of the FSA, codified at 18 U.S.C. § 3624(c)(2). That provision allows the Bureau of Prisons ("BOP") to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment

2

of that prisoner or 6 months" and instructs BOP, to the extent practicable, to "place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." 18 U.S.C. § 3624(c)(2).

In response, the Government argues (1) that Carr failed to exhaust her administrative remedies with respect to her home confinement claim; (2) that Carr's home confinement claim is not cognizable under 18 U.S.C. § 3582(c)(1)(A) because it seeks to challenge the conditions of her confinement, not to modify her sentence; and (3) that Carr's request for home confinement is not ripe because she is not within or near the last ten percent of her term of imprisonment. (ECF No. 513 at 3–8.) Carr's reply, filed by counsel, did not address the Government's arguments. (ECF No. 524 at 2.) Accordingly, the Court finds that Carr has effectively conceded that she is not currently eligible for home confinement under § 3634, and thus denies that portion of the Motion. *See United States v. Hunter*, 739 F.3d 492, 495 (10th Cir. 2013) (deeming waived an argument inadequately developed in a brief); *Thompson R2-J Sch. Dist. v. Luke P., ex rel. Jeff P.*, 540 F.3d 1143, 1148 n.3 (10th Cir. 2008) (same); *Rojem v. Gibson*, 245 F.3d 1130, 1141 n.8 (10th Cir. 2001) (same).

B. **Compassionate Release Under § 603 of the FSA**

Section 603 of the FSA amended the procedure by which a federal prisoner could seek compassionate release. FSA, Pub. L. No. 115-391, 132 Stat. at 5238; 18 U.S.C. § 3582(c)(1)(A). Prior to the FSA, a court could modify a term of imprisonment for "extraordinary and compelling reasons" only on motion from the Director of BOP. 18 U.S.C. § 3582(c)(1)(A) (2017). The FSA amended that provision

to allow a court to modify a sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*; FSA, Pub. L. No. 115-391, 132 Stat. 5238.

1. *Abandonment of Compassionate Release Claim*

The Government first contends that Carr abandoned her claim for compassionate release by seeking only home confinement in her *pro se* Motion.[1] (ECF No. 513 at 8.) The Motion repeatedly references "compassionate release" under § 3582, and asks the Court to substitute the remainder of her prison term for "home confinement . . . and/or supervised release." (ECF No. 508 at 4.) Liberally construing the Motion, the Court finds that Carr seeks a modification of her sentence and did not abandon her compassionate release claim.

2. *Administrative Exhaustion*

The FSA requires that a prisoner fully exhaust her administrative remedies before moving to reduce a term of imprisonment. 18 U.S.C. § 3582(c)(1)(A). BOP has established a four-step administrative process to address inmate grievances: (1) informal resolution; (2) submission of complaint to the warden on form BP-9;

---

[1] Carr's Motion was filed *pro se* and thus she is entitled to a liberal construction of that pleading. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In other words, if the Court can "reasonably read the pleadings to state a valid claim on which [Carr] could prevail, it should do so despite [Carr's] failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, Carr must nonetheless allege sufficient facts to support her legal claim. *Id.*

4

(3) appeal to the Regional Director of BOP on form BP-10; and (4) final administrative appeal to the General Counsel of BOP on form BP-11. 28 C.F.R. §§ 542.13–.15.

On January 22, 2019, Carr submitted an informal request for reduction in sentence, which was denied on January 29, 2019, thus fulfilling the informal resolution requirement. (ECF No. 508 at 18.) On February 6, 2019, Carr submitted a written request for a reduction in sentence to the warden, which stated that she had submitted "letters from the daycares, a letter from [her] daughter, [her] son's IEP and psychiatric evaluation regarding his disorders and court paperwork regarding the juvenile court and custody issue." (*Id.*) On February 8, 2019, the warden denied Carr's request for a reduction in sentence or compassionate release, explaining that "the loss of daycare is not a sufficient reason for the Bureau of Prisons to seek compassionate release on your behalf." (*Id.* at 17.) On February 15, 2019, Carr appealed the warden's decision to the Regional Director of BOP, noting that she had previously submitted paperwork in support of her request. (*Id.* at 20.) The Regional Director agreed with the warden that Carr did not meet the criteria for compassionate release. (*Id.* at 19; *id.* at 21 (noting a typographical error in the Regional Director's response and clarifying that Carr did not meet the criteria).) On April 3, 2019, Carr further appealed to the General Counsel of BOP, and submitted copies of the paperwork outlined in her request to the warden. (*Id.* at 22.) On June 5, 2019, BOP denied the appeal, stating that it had "carefully reviewed [Carr's] request and determined that [Carr does] not meet the criteria" for compassionate release or a reduction in sentence. (*Id.* at 21.)

The Government argues that Carr failed to exhaust her administrative remedies

because she failed to include certain documents when she submitted her complaint to the warden.  (ECF No. 513 at 8–10.)  The Government's position is disingenuous.  At every administrative level, Carr's request was denied on the merits, and not for lack of documentation.  (ECF No. 508 at 18–22.)  Moreover, Carr did submit documentation in support of her claim, albeit not necessarily the precise type of documentation that the Government now suggests is required.  (*See* ECF No. 513 at 9.)

The Government also suggests that without the required documentation, the "Court would be unable to properly consider [Carr's] request for compassionate release."  (ECF No. 513 at 10.)  In support, it cites two cases, both of which denied inmates' requests for compassionate release due to inadequate documentation.  (*Id.* (*citing United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. Apr. 3, 2019) *and United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)).)  However, both courts found that the documentation submitted to the court was inadequate, not that the inmate had failed to include documentation in the administrative process.  *Gutierrez*, 2019 WL 1472320, at *2; *Heromin*, 2019 WL 2411311, at *2.  Moreover, there is evidence that Carr did submit at least some documentation in support of her claim, and certain documents attached to the Motion appear to be some of the documentation Carr submitted to the warden and General Counsel in support of her administrative requests.  (ECF No. 508 at 18, 22, 42–46.)

The Court will not exalt form over substance, and finds that Carr exhausted her administrative remedy for a reduction in sentence, consistent with the requirement of 18 U.S.C. § 3582(c)(1)(A).  The Court will therefore consider Carr's claim on the merits.

### 3. *Merits of Compassionate Release Claim*

A court may reduce an inmate's sentence if "extraordinary and compelling reasons warrant such a reduction," and the reduction is consistent with the factors typically considered in imposing a sentence, as set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Commission's commentary on the "extraordinary and compelling reasons" requirement explains that a family circumstance—including "the death or incapacitation of the caregiver of the defendant's minor child or minor children"—is one such reason. U.S.S.G. § 1B1.13, Application Note 1(C). Application Note 1(D) suggests that there may exist "other reasons," including "an extraordinary and compelling reason other than, or in combination with, the reasons described" in the commentary, as "determined by the Director of the Bureau of Prisons." *Id.* at Application Note 1(D); *see also United States v. Walker*, 2019 WL 5268752, at *2 (N.D. Ohio Oct. 17, 2019) (granting compassionate release under § 3582 and U.S.S.G. § 1B1.13, Application Note 1(D)).

Courts, however, have recognized that the FSA amendment allowing inmates to file compassionate release motions without BOP's support allows courts, "not the Director of the Bureau of Prisons[,] to determine whether there is an 'extraordinary and compelling reason' to reduce a sentence." *United States v. Maumau*, 2020 WL 806121, at *4 (D. Utah Feb. 18, 2020) (recognizing that a majority of district courts to consider the question have found that the FSA provides the courts discretion to provide relief in circumstances do not directly fall within the Sentencing Commission's current policy statement); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("The First Step Act did not change the statutory criteria for compassionate release, but

7

it did change the procedures, so that the Bureau of Prisons is no longer an obstacle to a court's consideration of whether compassionate release is appropriate.").

Carr has not established that she is eligible for compassionate release and modification of her sentence under the family circumstances exception or for other reasons. *See* U.S.S.G. § 1B1.13. Carr's minor children's primary caregiver, Ms. Ayanna Brown—Carr's eldest daughter—is not incapacitated or deceased. *See id.* at Application Note 1(C). While Carr has submitted information about Ms. Brown's challenges in caring for her minor siblings in her mother's absence, the Court finds that the hardship endured by the primary caregiver is not an "extraordinary and compelling reason" justifying a modification of Carr's sentence. Ms. Brown appears to have done an admirable job at rising to the occasion, caring for her younger siblings, finding appropriate care opportunities for her siblings, and navigating the public benefits system for her autistic brother, even in the absence of any other familial support. While a letter submitted in support of the Motion suggests that Ms. Brown's child care assistance payments may cease, it appears that she may yet be eligible for continued benefits. (ECF No. 526-1 at 3.)

The Court recognizes the difficult position in which Ms. Brown now finds herself, and that the challenges are exacerbated by the COVID-19 public health crisis. Ms. Brown is "medical staff" at a Veteran's Administration hospital in the Phoenix area, and is concerned about potential "mandatory deployments" for her job and about whether daycare programs for the minor children will continue. (ECF No. 526 at 2.) However, as of the filing of the supplement, these COVID-19-related concerns are possibilities, not certainties. (ECF No. 526-1 at 1, 3–4.) While COVID-19 public health crisis has

added further stress to Ms. Brown's daily routine (*id.* at 1), the record does not show that Ms. Brown is incapable of providing care to Carr's minor children.  Moreover, the COVID-19 public health crisis and its attendant impacts on Carr's family are not sufficient reasons to modify Carr's sentence.  *See United States v. Hays*, 2020 WL 1698778, at *3 (S.D. Ala. Apr. 7, 2020) (denying compassionate release for general concerns about possible exposure to COVID-19).  Accordingly, the Court finds that Carr has not stated "extraordinary and compelling reasons" warranting a modification of her sentence.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant Heather Carr's Motion Requesting Relief Under Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 508) is DENIED without prejudice; and

2. Defendant Heather Carr's Motion to Expedite Ruling (ECF No. 527) is DENIED AS MOOT.

Dated this 10th day of April, 2020.

BY THE COURT:

William J. Martínez
United States District Judge