IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01681-WJM
Criminal Case No. 16-cr-00054-WJM-1

**UNITED STATES OF AMERICA,**

 Plaintiff,

**vs.**

**1. HEATHER CARR**,

 Defendant.

## JOINT STATUS REPORT

In accordance with this Court's Minute Order filed May 28, 2021, the parties submit this Joint Status Report.

### Background

This matter is on remand from the Tenth Circuit. *See* ECF No. 541. Defendant Heather Carr sought a sentence reduction and compassionate release in this Court, pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 508. She contended that she demonstrated "extraordinary and compelling reasons" warranting such a reduction based on changes in her eldest daughter's ability to care for Ms. Carr's two minor children.

This Court denied her motion, concluding that Ms. Carr had not "established that she is eligible for compassionate release and modification of her sentence under the family circumstances exception or for other reasons." ECF No. 530 at 8 (citing USSG

§ 1B1.13).  The Court pointed out that Ms. Carr's eldest daughter, Ayanna Brown, was not incapacitated or deceased, as defined in the policy statement for the "extraordinary and compelling reasons" requirement.  *Id.* (citing § 1B1.13, Application Note 1(C)).  At the same time, the Court acknowledged that Ms. Brown had done an "admirable job . . . caring for her younger siblings, finding appropriate care opportunities for her siblings, and navigating the public benefits system for her autistic brother, even in the absence of any other familial support."  *Id.*  Although noting that "a letter submitted in support of the motion suggests that Ms. Brown's child care assistance payments may cease," the Court recognized that "it appears that she may yet be eligible for continued benefits."  *Id*. (citing ECF No. 526-1 at 3).  Further, the Court found that "the COVID-19 public health crisis and its attendant impacts on Carr's family [were] not sufficient reasons to modify Carr's sentence."  *Id.* at 9.

  Ms. Carr appealed.  The Tenth Circuit ruled that, in resolving Ms. Carr's motion, this Court applied U.S.S.G. § 1B1.13 to define "extraordinary and compelling reasons," and concluded she was not eligible for relief.  The circuit court noted that it had recently held in *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021), and *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021), that USSG §1B1.13 is not presently an "applicable" policy statement that controls the definition of "extraordinary and compelling reasons" when a prisoner initiates a § 3582(c)(1)(A) proceeding.  Accordingly, the Tenth Circuit vacated this Court's order denying relief, and remanded for reconsideration in light of *McGee* and *Maumau*.

**The Government's position on remand**

The government submits that this Court does not have an onerous task before it on remand. In its Order and Judgment, the Tenth Circuit stated: "[I]t was within the district court's discretion to conclude the application notes to USSG § 1B1.13 still provided the best definition and description of 'extraordinary and compelling reasons' under the circumstances of Ms. Carr's case. . . ." ECF No. 541 at 10-11. Accordingly, if this Court, in the course of "exercis[ing] its independent authority and discretion," now determines that "the application notes to USSG § 1B1.13 still provide[ ] the best definition and description of 'extraordinary and compelling reasons,'" *id*., this Court can affirm its prior decision without the need to engage in any significant additional analysis.

Moreover, this Court need not get bogged down with COVID-19 issues on remand. The Tenth Circuit ruled in its Order and Judgment that any arguments premised on COVID-19 are foreclosed for purposes of the remand. *Id*. at 6 n.3.

The government also submits that this Court should consider, in this particular case, the factors set forth in 18 U.S.C. § 3553(a). The Tenth Circuit has adopted a three-step test for courts considering motions filed under § 3582(c)(1)(A). *Maumau*, 993 F.3d at 831; *McGee*, 992 F.3d at 1042-43. At step one of the test, a district court must find whether "extraordinary and compelling reasons" warrant a sentence reduction. At step two, a district court must find whether such reduction is consistent with *applicable* policy statements issued by the Sentencing Commission. At step three, § 3582(c)(1)(A) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in

3

part under the particular circumstances of the case. *Maumau*, 993 F.3d at 831; *McGee*, 992 F.3d at 1042-43. Consideration of the § 3553(a) factors can therefore be a critical step in the three-step test. The government has already briefed the § 3553(a) factors to this Court. *See* ECF No. 513 at 16-19. Analyzing those factors shows that Ms. Carr cannot satisfy step three of the test, even if she satisfies steps one and two. *See id*.

Finally, the government notes that Ms. Carr claims her circumstances have materially changed since March 20, 2020, in ways her counsel believes to be of interest to the Court. *See infra*. She requests 30 days to submit updated briefing and analysis of the 18 U.S.C. § 3553(a) sentencing factors in light of *McGee* and *Maumau*. *See infra*. While the government cannot predict what this new evidence would be, presenting new evidence doesn't appear to be in the scope of the remand order. Thus, the government cannot consent at this time to Ms. Carr's presentation of new evidence.

If this Court agrees that Ms. Carr may submit new evidence in this case, the government requests 30 days to respond to Ms. Carr's new evidence and her updated briefing regarding that evidence.

The government does not oppose Ms. Carr's request to submit an updated analysis of the 18 U.S.C. § 3553(a) sentencing factors. The government requests 30 days to respond to Ms. Carr's updated analysis of those sentencing factors.

### Ms. Carr's position on remand

Ms. Carr's original Motion for Compassionate Release (ECF No. 508) was received and filed by this Court on September 12, 2019. After the appointment of counsel pursuant to the Criminal Justice Act, counsel filed a Supplemental Authority in

Support of Defendant's Motion on March 20, 2020.  ECF No. 526.  This was the last opportunity Ms. Carr had to inform this Court of the conditions she felt merited "extraordinary and compelling reasons" justifying a reduction in her sentence.

Since March 20, 2020, Ms. Carr's circumstances have materially changed in ways her counsel believes to be of interest to the Court.  While these changes support Ms. Carr's Motion in some ways, in other ways they may undermine the relief she seeks.  In order to fully apprise the Court of these circumstances, counsel asks the Court for 30 days, until on or about Friday, July 9, 2021, to submit updated briefing and analysis of the 18 U.S.C. § 3553(a) sentencing factors in light of *McGee* and *Maumau*.  As the government notes above, these sentencing factors are ripe for the Court's consideration, yet are considerably changed from March 2020.  Counsel makes this request to allow him adequate time to discuss the case with Ms. Carr, with whom he has only recently been able to speak for the first time since the mandate was issued.

The government opposes this request, and correctly notes the limited nature of the Tenth Circuit's mandate in this case.  Because there is no statutory limitation to the number of § 3582(c)(1) motions that a defendant like Ms. Carr can file, however, should the Court deny Ms. Carr's Motion on the existing record, as the government requests, her recourse is to file a new motion and start the process over.  Counsel for Ms. Carr respectfully submits that a more prudent course would allow Ms. Carr a limited opportunity to inform the Court of how her relevant circumstances have changed and permit the government to respond.

Dated this 8th day of June, 2021.

Respectfully submitted,

/s/ Jason D. Schall
JASON D. SCHALL
Bowlin & Schall LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO  80111
Telephone: (720) 505-3861
E-mail: jason@bowsch.com

Attorney for Defendant Heather Carr


MATTHEW T. KIRSCH
Acting United States Attorney

/s/ Michael C. Johnson
MICHAEL C. JOHNSON
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado  80202
(303) 454-0100
Email: michael.johnson2@usdoj.gov

Attorneys for the United States

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/Colorado)**

I hereby certify that on June 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Ma-Linda La-Follette
MA-LINDA LA-FOLLETTE
U.S. Attorney's Office