IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00054-WJM-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. HEATHER CARR,

    Defendant.

---

**SUPPLEMENT IN SUPPORT OF DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)**

---

Defendant Heather Carr respectfully submits this Supplement in Support of Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) ("Supplement").

## BACKGROUND

On September 12, 2019, the Court received and filed Ms. Carr's Motion for Compassionate Release ("Motion"). (ECF No. 508.) After full briefing, the Court denied the Motion. (ECF No. 530.) Following a successful appeal, the case was remanded for the Court to reconsider the Motion in light of *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021) and *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021). After the parties submitted a Joint Status Report in which Ms. Carr requested an opportunity to update the Court regarding her circumstances (ECF No. 545), the Court ordered Ms. Carr to file supplemental briefing no later than July 15, 2021. (ECF No. 548). This Supplement follows. Ms. Carr asks the Court to apply § 603(b) of the First Step Act and modify her remaining sentence from incarceration to either time served or home confinement.

**EVOLVING CIRCUMSTANCES**

With the onset of the pandemic and the passage of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), the Director of the Bureau of Prisons ("BOP") was authorized to place certain prisoners in home confinement during the Act's covered emergency period as defined by the Attorney General of the United States. (*See generally* Office of Legal Counsel ("OLC") opinion, Jan. 15, 2021, at 1.[1]) Ms. Carr qualified[2] and was transferred to home confinement on July 10, 2020.

The Attorney General's emergency period remains ongoing. When it ends, however, the BOP "would be required to recall prisoners to correctional facilities unless they are otherwise eligible for home confinement under 18 U.S.C. § 3624(c)(2)." (OLC opinion at 2.)

Such eligibility for home confinement is limited to "the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Because she received a sentence of 57 months, Ms. Carr will not be eligible for transfer to home confinement under existing law until 5.7 months (approximately 5 months, 22 days) prior to the expiration of her sentence. Given her anticipated release date of February 23, 2022, Ms. Carr will not be eligible for § 3624(c)(2) transfer to home confinement until approximately September 1, 2021.[3] It is no overstatement to say that until that date, at the earliest, Mr. Carr's situation remains precarious.

---

[1] Available at https://www.justice.gov/olc/file/1355886/download, accessed July 13, 2021 at 9:20 A.M.

[2] At that time, the BOP was following guidance provided by the Attorney General in memoranda dated March 26, 2020 and April 3, 2020. That guidance has been updated numerous times throughout the pandemic, most recently by memorandum dated April 13, 2021.

[3] As calculated using www.timeanddate.com/date/dateadd.html, accessed July 12, 2021 at 10:02 A.M.

**EXTRAORDINARY AND COMPELLING REASON FOR COMPASSIONATE RELEASE**

Ms. Carr is grateful for the CARES Act and her release to home confinement in July of last year. She knows how fortunate she has been to serve a portion of her sentence from home. But she loses sleep at night wondering what will happen to her minor children should she be recalled to prison within the next two months. Her letter and those of two of her children best summarize this reality. (*See* Ex. A, letters from Ms. Carr, Ms. Ayanna Brown, and Ms. Milani Thomas.) It is the possibility that she will be recalled to prison that Ms. Carr contends is an "extraordinary and compelling reason" justifying a relatively modest modification of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

On remand, the Court has broad discretion to define extraordinary and compelling circumstances and is not limited to policy statements issued by the U.S. Sentencing Commission. *United States v. Carr*, ___ F.App'x ___, 2021 WL 1400705, *4-5 (10th Cir. 2021).

Ms. Carr's circumstances are certainly compelling, as is just about everything associated with the pandemic, the CARES Act, and the breathtaking speed at which otherwise rigid systems flexed to allow for custodial prisoners to be transferred to home confinement. The question for the Court is whether Ms. Carr's circumstances are "extraordinary."

While Ms. Carr's placement is not unique – the BOP website currently reports 7,296 federal inmates on home confinement[4] – her circumstances merit serious consideration. Unlike many compassionate release cases before this Court, Ms. Carr does not rely on the pandemic per se or any risk to her own health. *See, e.g., United States v. Garrison*, 2021 WL 2633426 (June 25, 2021) (denying motion for compassionate release that relied upon personal health

---

[4] *See* https://www.bop.gov/coronavirus/faq.jsp, accessed July 12, 2021 at 10:50 A.M.

considerations). She relies principally on the damage that would be done to her minor children if she is returned to prison for even a short time.

This Court has considered family health considerations before. But unlike the circumstances in *United States v. Roughen*, 2021 WL 1947342 (May 14, 2021), Ms. Carr's autistic son is a minor, and has no one, much less a parent, to care for him if Ms. Carr is recalled to prison. Should such circumstances come to pass, the children's situation would most certainly be "dangerous or emergent." *Id.* at *2. Without a caregiver, Ms. Carr's case resembles *United States v. Howell*, 2020 WL 7260740, *2 (Dec. 10, 2020), where the Court found extraordinary and compelling circumstances where a mother's health considerations left her incapable of caring for her children. For a sole caregiver of minor children, nothing could be more extraordinary.

### ANALYSIS OF 3553(A) SENTENCING FACTORS

The Court is familiar with Ms. Carr's case. Since first considering her Motion, however, the sentencing factors of 18 U.S.C. § 3553(a) have changed in meaningful ways.

First, the "history and characteristics of the defendant" demonstrate that Ms. Carr is a changed woman. 18 U.S.C. § 3553(a)(1). For example, Ms. Carr has completed approximately 41 months of her 57-month sentence (around 85%) without so much as a single write-up. And as noted in her Motion (ECF No. 508) and Reply (ECF No. 524 at 10), Ms. Carr put her time in prison to good use. But, more importantly, is what she has demonstrated since being transferred to home confinement. She has a job that allows her to work remotely while providing the flexibility to pick-up and drop-off her children. (Ex. A at 1.) She is eager to get a second job to further provide financially and begin to make restitution payments, but her options are limited by the constraints of home confinement. (*Id.*)

Her time at home has also magnified for Ms. Carr just what she put her oldest daughter through (*Id*. at 3) and how much her children have suffered because of her choices. It is that ignominy that assures the Court that Ms. Carr has been justly punished (18 U.S.C. § 3553(a)(2)(A)) and that she does not present an on-going risk to society (18 U.S.C. § 3553(a)(2)(c)). Today, Ms. Carr is a changed person who strives to put her children's needs first. What's more, allowing her further flexibility to find work will only increase her ability to make meaningful restitution payments (18 U.S.C. § 3553(a)(7)).

But perhaps most significantly, Ms. Carr is not asking the Court to move heaven and earth on her behalf: she requests a modification of a substantially completed sentence in hopes of foreclosing disastrous consequences both to her children and her own path towards productive citizenship. (18 U.S.C. § 3553(a)(3)). In other words, Ms. Carr is asking that the Court shorten her sentence by approximately 15% to time served to prevent her from being returned to custody and allow her to provider for her minor children or, at the very least, order that she serve the remainder of her sentence in home confinement—an option which she has demonstrated to be a viable, productive, and appropriate sentencing choice.

## CONCLUSION

In light of the circumstances and evidence presented, Ms. Carr respectfully asks the Court to acknowledge the "extraordinary and compelling" reasons justifying her Motion for Compassionate Release, find that the § 3553(a) factors justify a modification of her sentence, and grant her request to modify the remainder of her sentence to time served or, alternatively, a remaining term of home confinement. 18 U.S.C. § 3582(c)(1)(A)(i).

Dated this 15th day of July, 2021.

                                                         /s/ *Jason D. Schall*
                                                         Jason D. Schall

BOWLIN & SCHALL LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
Telephone: (720) 505-3861
E-mail: jason@bowsch.com
Attorney for Defendant Heather Carr

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>AUSA Paul Farley
>U.S. Attorney's Office
>1801 California Street, Suite 1600
>Denver, CO 80202
>(303) 454-0100
>Paul.Farley2@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner indicated below:

>Ms. Heather Carr (USM# 89751-083), via e-mail.

>/s/ Jason D. Schall
>Jason D. Schall