IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 16-cr-054-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **HEATHER CARR**,

---

**ORDER DENYING DEFENDANT HEATHER CARR'S MOTION
REQUESTING RELIEF UNDER COMPASSIONATE RELEASE
PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)**

---

This matter is before the Court on Defendant's "Motion Requesting Relief Under Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A)" ("Motion"). (ECF No. 508.) For the reasons set forth below, the Motion is denied.

**I. BACKGROUND**

On December 5, 2016, Carr pled guilty to conspiracy to defraud the government by submitting false claims for federal student aid to the U.S. Department of Education. (ECF No. 94.) On January 4, 2018, the undersigned sentenced Carr to 57 months of incarceration and three years of supervised release. (ECF No. 272 at 2; ECF No. 313.)

On April 1, 2019, Carr moved the Court to reconsider her 57-month sentence. (ECF No. 461 at 4.) The Court denied that motion for lack of jurisdiction. (ECF No. 471.)

On September 12, 2019, Carr filed the Motion *pro se* seeking home confinement or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that she

demonstrated "extraordinary and compelling reasons" warranting such a reduction in her sentence based on changes in her eldest daughter's ability to care for Carr's two minor children.  (ECF No. 508.)  The Government filed a response on October 10, 2019, arguing that Carr had failed to exhaust her administrative remedies for home confinement or compassionate release, and was nonetheless not eligible for either program.  (ECF No. 513.)  Counsel entered an appearance and filed a reply on November 25, 2019.  (ECF No. 524.)  On March 20, 2020, counsel, on behalf of Carr, filed a supplement in support of the Motion (ECF No. 526) and a motion to expedite ruling (ECF No. 527).  The supplement addressed how Carr's family's circumstances had changed due to the COVID-19 pandemic.  (ECF No. 526 at 1–2.)

On April 10, 2020, the Court denied Carr's motion for compassionate release after applying the United States Sentencing Commission, Guidelines Manual § 1B1.13 (Nov. 2018) to define "extraordinary and compelling reasons" and concluding that Carr was not eligible for compassionate release.  (ECF No. 530 at 7–8.)

On April 14, 2021, the United States Court of Appeals for the Tenth Circuit vacated the Court's April 10, 2020 order and remanded the matter for reconsideration.  (ECF No. 541.)  Specifically, the Tenth Circuit noted that it had recently held in *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021) and *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021), that § 1B1.13 is not presently an "applicable" policy statement that controls the definition of "extraordinary and compelling reasons" when a prisoner initiates a § 3582(c)(1)(A) proceeding.  (*Id.* at 8–11.)

On June 8, 2021, the parties submitted a Joint Status Report.  (ECF No. 545.)  Thereafter, the parties filed supplemental briefs regarding the Motion.  (ECF No. 549,

550.)  In her supplement, Carr represents that she was transferred to home confinement on July 10, 2020 pursuant to the CARES Act; she states, however, that it is possible that she will be recalled to a correctional facility and would not become eligible for a transfer to home confinement pursuant to 18 U.S.C. § 3624(c)(2) until September 1, 2021.  (ECF No. 549 at 2 (noting her anticipated release date is February 23, 2022).) She argues that "[i]t is the possibility that she will be recalled to prison that Ms. Carr contends is an 'extraordinary and compelling reason' justifying a relatively modest modification of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)."  (*Id.* at 3.)

In its supplemental brief, the Government responds that this case is now moot and there is no live case or controversy at this time because Carr has been placed on home confinement pursuant to the CARES Act's covered emergency period and because that covered emergency period may last well beyond Carr's scheduled release date of February 23, 2022.  (ECF No. 550 at 6.)

## II.  LEGAL STANDARDS

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1) now provides, in pertinent part, as follows:

> (c) **Modification of an imposed term of imprisonment.--**The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

3

>>imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>>(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Under the plain language of the statute, a district court may thus grant a motion for reduction of sentence, whether filed by the Director of the Bureau of Federal Prisons ("BOP") or a defendant, only if three requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable. *Maumau*, 993 F.3d at 831.

### III. ANALYSIS[1]

Carr argues that changes in her eldest daughter's ability to care for Carr's two minor children constitute extraordinary and compelling circumstances warranting compassionate release. (ECF No. 508.) Specifically, Carr asserts that her eldest daughter has separated from her husband, partially due to the strain from caring for the children, and is experiencing financial challenges that impact her ability to continue to care for them. (*Id.*) Since she filed the Motion, however, Defendant has been

---

[1] The Tenth Circuit noted that on appeal, Carr did not mention COVID-19 and therefore concluded that "any arguments premised on COVID-19 available to Ms. Carr at the time of this appeal are waived for purposes of this appeal and foreclosed for purposes of the remand proceeding." (ECF No. 541 at 6 n.3.) Accordingly, the Court will consider only Carr's changed family circumstances.

transferred to home confinement.  (ECF No. 549 at 1 at 3.)

Although transfer to home confinement does not legally preclude relief under the compassionate release statute, courts faced with similar cases have found transfer to home confinement to be dispositive to the determination about whether extraordinary and compelling circumstances exist.  *See, e.g.*, *United States v. Ogden*, 2020 WL 4015730, at *1 (D. Utah July 16, 2020) (denying motion for compassionate release after defendant was placed on home confinement because "the grounds for compassionate release have been satisfied by an alternative means"); *United States v. Gunn*, 2021 WL 719889, at *3 (C.D. Ill. Feb. 24, 2021) (finding no extraordinary and compelling circumstances where defendant has been transferred to home confinement); *United States v. Gonzalez*, 2020 WL 6381982, at *3 (S.D. Cal. Oct. 30, 2020) ("The Court finds [defendant's] recent transfer to home confinement by the BOP to be dispositive in this case" and finding that defendant had not presented extraordinary and compelling circumstances justifying reduction in his sentence); *United States v. Hansen*, 2020 WL 5642295, at *3 (D.S.D. Sept. 22, 2020) (finding proffered reasons for compassionate release mooted by defendant's placement on home confinement); *United States v. Bradley*, 2020 WL 4676377, at *2 (E.D. Mich. Aug. 12, 2020) ("Now that Defendant is serving the remainder of his term on home confinement, there is no extraordinary and compelling reason to reduce his sentence.").

After carefully considering the Motion and the briefs, the Court finds that Defendant's release to home confinement renders her proffered basis for compassionate release moot.  Since her transfer to home confinement, Carr has gotten a job and has been able to care for her two minor children, thus ameliorating the family

5

challenges that form the basis for her Motion. (*See* ECF No. 549-1.) As such, the Court finds no current "extraordinary and compelling" reason for compassionate release currently exists.

Carr argues that the damage that would be done to her family if she is recalled to federal prison still constitutes an extraordinary and compelling circumstance justifying a reduction in her sentence. (ECF No. 549 at 3; ECF No. 549-1 at 2.) However, without a showing that there is a risk BOP would actually use its authority to transfer Carr back from home confinement to federal prison while the pandemic continues, the Court finds that ordering a reduction of Carr's sentence based upon a potential future return to federal prison would be premature. *See, e.g.*, *Gunn*, 2021 WL 719889, at *3 (determining request for compassionate release is premature where the possibility that a defendant will be transferred from home confinement back to federal prison is purely speculative); *Gonzalez*, 2020 WL 6381982, at *4 ("Without a showing that there is a risk BOP would actually use its authority to transfer [defendant] back to [prison] while the pandemic continues for reasons unrelated to his compliance with home confinement requirements, the Court finds that ordering a reduction of [defendant's] sentence based upon a potential future return . . . would be premature.").

Accordingly, the Court denies the Motion.[2]

---

[2] Because the Court concludes that Carr has not demonstrated that there are extraordinary and compelling circumstances warranting relief at this time, the Court need not analyze the remaining requirements for compassionate release. *See Maumau*, 993 F.3d at 831.

## IV. CONCLUSION

For the reasons stated above, the Court ORDERS that Defendant Heather Carr's "Motion Requesting Relief Under Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A)" (ECF No. 508) is DENIED.

Dated this 29th day of November, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge